UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE MALLY, On Behalf of Himself and All Others Similarly Situated, : : : Plaintiff, : : vs. : : QIAO XING UNIVERSAL TELEPHONE, INC., et al., : : Defendants. : | Civil Action No. 1:07-cv-07097-DLC <br><br> CLASS ACTION |
| MILTON PFEIFFER, On Behalf of Himself and All Others Similarly Situated, : : : Plaintiff, : : vs. : : QIAO XING UNIVERSAL TELEPHONE, INC., et al., : : Defendants. : | Civil Action No. 1:07-cv-07252-DLC <br><br> CLASS ACTION |

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF MACOMB COUNTY EMPLOYEES'
RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

|  |  |
|---|---|
| ISAAC FISHMAN, CUSTODIAN FOR THE IBF FOUNDATION, On Behalf of Itself and All Others Similarly Situated, : : : : Plaintiff, : : vs. : : QIAO XING UNIVERSAL TELEPHONE, INC., et al., : : : Defendants. : | Civil Action No. 1:07-cv-07312-DLC<br><br>CLASS ACTION |
| MICHAEL LOCKE, Individually and On Behalf of All Others Similarly Situated, : : : Plaintiff, : : vs. : : QIAO XING UNIVERSAL TELEPHONE, INC., et al., : : : Defendants. : | Civil Action No. 1:07-cv-07693-DLC<br><br>CLASS ACTION |
| REUVEN LAPIN, Individually and On Behalf of All Others Similarly Situated, : : : Plaintiff, : : vs. : : QIAO XING UNIVERSAL TELEPHONE, INC., et al., : : : Defendants. : | Civil Action No. 1:07-cv-07829-DLC<br><br>CLASS ACTION |

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court are at least five-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Qiao Xing Universal Telephone, Inc. ("Qiao Xing" or the "Company") securities between June 30, 2004 and July 16, 2007, inclusive (the "Class Period"). The actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4 et seq.) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Macomb County Employees' Retirement System ("Macomb County") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Macomb County as Lead Plaintiff in the Actions under §21D(a)(3)(B) of the Exchange Act; and (iii) approve Macomb County's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Macomb County is the most adequate plaintiff, as defined by the PSLRA. Macomb County is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Macomb County is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Macomb County incurred a substantial $334,598.80 loss on its transactions in Qiao Xing shares. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Macomb County, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND

Qiao Xing, together with its subsidiaries, engages in the sale of telecommunication terminals and equipment, including cord and cordless telephone sets, in Mainland China.

The complaint charges Qiao Xing and certain of its officers and directors with violations of the Exchange Act. According to the complaint, during the Class Period, defendants issued materially false and misleading statements that misrepresented and failed to disclose: (1) that the Company had materially overstated its net income for the years ended December 31, 2003, December 31, 2004, and December 31, 2005; (2) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (3) that the Company lacked adequate internal and financial reporting controls; and (4) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

On July 17, 2007, the Company announced that it was forced to restate its previously issued financial statements for the years ending December 31, 2003, 2004, and 2005. Upon this news,

---

[1]     References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated October 9, 2007, and submitted herewith.

shares of Qiao Xing fell $2.93 per share, or 21 percent, to close at $11.04 per share, on unusually heavy trading volume.

### III.   ARGUMENT

#### A.   The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of Qiao Xing shareholders for alleged violations of the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of Qiao Xing) and involve the same factual and legal issues. The Actions are each brought by shareholders of Qiao Xing during the relevant time period who were injured by the defendants' fraud that was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

#### B.   Macomb County Should Be Appointed Lead Plaintiff

##### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Lawrence Mally v. Qiao Xing Universal Telephone, Inc. et al.*, Civil Action No. 1:07-cv-07097-DLC (the "*Mally* Action") caused the first notice regarding the pendency of these Actions to be published on *Market Wire*, a national, business-oriented newswire service, on August 9, 2007. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the

- 3 -

proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Macomb County Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Macomb County Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on October 9, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on August 9, 2007, Macomb County timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Macomb County has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the Class. *See* Alba Decl., Ex. C. In addition, Macomb County has selected and retained competent counsel to represent itself and the Class. *See* Alba Decl., Ex. D. Accordingly, Macomb County has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

      **b.**      **Macomb County Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Macomb County, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*.

      **c.**      **Macomb County Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Macomb County incurred a substantial $334,598.80 loss on its transactions in Qiao Xing shares. *See* Alba Decl., Ex. B. Macomb County thus has a significant financial interest in this case. Therefore, Macomb County satisfies all of the PSLRA's prerequisites

for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.     Macomb County Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2175, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997). Macomb County satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

- 6 -

typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Impath,* 2004 U.S. Dist. LEXIS 13898, at *18.

Macomb County satisfies this requirement because, just like all other class members, it: (1) purchased Qiao Xing shares during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Macomb County's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Macomb County to represent the Class to the existence of any conflicts between the interest of Macomb County and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the Class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Macomb County is an adequate representative of the Class. As evidenced by the injuries suffered by Macomb County and the Class, the interests of Macomb County are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Macomb County's interests and those of the other members of the class. Further, Macomb County has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent

and experienced counsel to prosecute these claims. In addition, as shown below, Macomb County's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Macomb County *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Macomb County's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Macomb County has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Macomb County's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Macomb County respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Macomb County as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  October 9, 2007	COUGHLIN STOIA GELLER
	  RUDMAN & ROBBINS LLP


	       /s/ *Mario Alba, Jr.*
	MARIO ALBA, JR.

	SAMUEL H. RUDMAN
	DAVID A. ROSENFELD
	MARIO ALBA, JR.
	58 South Service Road, Suite 200
	Melville, NY  11747
	Telephone:  631/367-7100
	631/367-1173 (fax)

	[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Mario Alba Jr., hereby certify that on October 9, 2007, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of the Macomb County Employees' Retirement System for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of the Macomb County Employees' Retirement System for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

        /s/ *Mario Alba Jr.*
        Mario Alba Jr.

QIAO XING

Service List - 10/9/2007    (07-0203)

Page 1 of 2

**Counsel For Defendant(s)**

Jack C. Auspitz
Joel Charles Haims
Lily M. Fan
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104-0050
   212/468-8000
   212/468-7900 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
   310/201-9150
   310/201-9160 (Fax)

Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
Kaplan, Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY  10022
   212/687-1980
   212/687-7714 (Fax)

Jacob T. Fogel
Law Offices of Jacob T. Fogel
32 Court Street, Suite 602
Brooklyn, NY  11201
   718/221-5552
   718/875-4500 (Fax)

Marvin L. Frank
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892 (Fax)

Marc I. Gross
Jeremy A. Lieberman
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516
   212/661-1100
   212/661-8665 (Fax)

QIAO XING

Service List - 10/9/2007    (07-0203)

Page 2 of 2

| | |
|---|---|
| Patrick V. Dahlstrom<br>Pomerantz Haudek Block Grossman & Gross LLP<br>One North LaSalle Street, Suite 2225<br>Chicago, IL  60602-3908<br>　312/377-1181<br>　312/377-1184 (Fax) | Richard A. Maniskas<br>D. Seamus Kaskela<br>Schiffrin Barroway Topaz & Kessler, LLP<br>280 King of Prussia Road<br>Radnor, PA  19087<br>　610/667-7706<br>　610/667-7056 (Fax) |
| Gregory M. Nespole<br>Gustavo Bruckner<br>Wolf Haldenstein Adler Freeman & Herz, LLP<br>270 Madison Avenue<br>New York, NY  10016<br>　212/545-4600<br>　212/545-4653 (Fax) | |