UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE MALLY, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU and ALBERT LEUNG,<br><br>                Defendants. | **ELECTRONICALLY FILED**<br><br>CIVIL ACTION No. 07cv7097 (DLC) |
| ISSAC FISHMAN, Custodian for the IBF Foundation, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., WU RUI LIN, WU ZHI-YANG, ALBERT LEUNG, SONNY KWOK WING HUNG, ZE YUN MU, YI HONG ZHANG, and GROBSTEIN, HORWATH & COMPANY, LLP,<br><br>                Defendants. | CIVIL ACTION No. 07cv7312 (DLC) |

(Additional captions on following page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LAWRENCE MALLY AND LARRY TRACY FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFFS; AND (3) APPROVAL OF LEAD PLAINTIFFS' <u>CHOICE OF LEAD COUNSEL</u>**

| | |
|---|---|
| MICHAEL LOCKE, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ZHI-YANG WU, ALBERT LEUNG, SONNY KWOK WING HUNG, ZE YUN MU, YI HONG ZHANG, and GROBSTEIN, HORWATH & COMPANY, LLP,<br><br>                Defendants. | **ELECTRONICALLY FILED**<br><br>CIVIL ACTION No. 07cv7693 (DLC) |
| REUVEN LAPIN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU and ALBERT LEUNG,<br><br>                Defendants. | **ELECTRONICALLY FILED**<br><br>CIVIL ACTION No. 07cv7829 (DLC) |

I.    **INTRODUCTION**

Presently pending in this District are four related securities fraud class actions (the "Related Actions") brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. The pending cases are as follows:

|    | Case | Civil No. | Date Filed |
|---|---|---|---|
| 1. | *Mally v. Qiao Xing Universal Telephone, Inc., et al.* | 07-7097 (DLC) | 8/9/2007 |
| 2. | *Fishman v. Qiao Xing Universal Telephone, Inc., et al.* | 07-7312 (DLC) | 8/15/2007 |
| 3. | *Locke v. Qiao Xing Universal Telephone, Inc., et al.* | 07-7693 (DLC) | 8/29/07 |
| 4. | *Lapin v. Qiao Xing Universal Telephone, Inc., et al.* | 07-7829 (DLC) | 9/5/07 |

Lawrence Mally ("Mally") and Larry Tracy ("Tracy") suffered collective losses of approximately $97,152.72 as a result of the purchase of Qiao Xing Universal Telephone, Inc. ("Xing") securities during the period between June 30, 2004 and July 16, 2007, and respectfully submit this Memorandum of Law in support of their motion to: (1) consolidate the Related Actions; (2) to be appointed Lead Plaintiffs; and (3) approve their choice of Lead Counsel.[1]

Mally and Tracy believe that they have the largest financial interest of any movant. As set forth below, Mally and Tracy request consolidation of the Related Actions, appointment as Lead Plaintiffs and request appointment of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel. Kaplan Fox has extensive experience in securities and class action litigation. For these reasons and the reasons discussed below, Mally and Tracy should be appointed Lead Plaintiffs.

---

[1] The Declarations of Lead Plaintiff Movants Mally and Tracy are respectively attached Exhibits A and B to the accompanying Declaration of Jeffrey P. Campisi, dated October 9, 2007 (hereinafter "Campisi Decl."). Charts that set forth the respective losses of Mally and Tracy in Xing securities are attached as Exhibit C to the Campisi Declaration.

## II.   PROCEDURAL BACKGROUND

On August 8, 2007, Mally filed a securities class action on behalf of all persons who purchased Xing securities, including purchasers of Xing common stock and call options, between June 30, 2004 and July 16, 2007 for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against Xing, Rui Lin Wu, and Albert Leung. The action was styled *Mally v. Qiao Xing Universal Telephone, Inc., et al.*, 07-cv-7097.

On August 9, 2007, Mally published a notice to purchasers of Xing securities with *Market Wire,* as required by the PSLRA (the "Notice"). Campisi Decl., Ex. D. The Notice advised purchasers of Xing securities of the existence of a lawsuit and the nature of defendants' statements, omissions and conduct which allegedly artificially inflated the price of Xing securities. The Notice further advised potential class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of the publication of the Notice.[2]

Mally and Tracy now move this Court to be appointed as the Lead Plaintiffs in this action.

## III.   SUMMARY OF THE PENDING ACTION

The Complaint alleges that on July 17, 2007, before the opening of trading, Xing disclosed, among other things, that in connection with the audit of the financial statements of a Company subsidiary, certain misstatements for the years 2005, 2004 and 2003 were identified that were not initially detected through the Company's internal controls over financial reporting and that, as a result, management has decided to restate the Company's consolidated financial statements for the years ended December 31, 2005, 2004 and 2003. As further alleged, during

---

[2] The Notice published pursuant to the PSLRA notified investors that the deadline to move the Court to file a lead plaintiff motion was October 8, 2007. However, because October 8, 2007 was a legal holiday, the deadline is October 9, 2007. *See* Fed. R. Civ. P. 6(a).

2

the Class Period, Xing overstated its reported net income for the years ended December 31, 2005 and 2004 by 2% and 93%, respectively, and for the year ended December 31, 2003, Xing understated its reported net loss by 210%. The complaint further alleges that on July 17, 2007, the Company filed its annual report for the year ended December 31, 2006 on Form 20-F with the SEC that stated that the misstatements in the financial statements resulted from certain deficiencies in the Company's system of internal controls over financial reporting.

In response to these announcements, on July 17, 2007, the price of Xing stock declined from $13.97 per share at the close of trading on July 16, 2007, to close at $11.04 per share, a decline of approximately 21%, on extremely heavy trading volume. On October 8, 2007, Xing common stock closed at $10.41 per share.

As a result of defendants' manipulative actions, Mally and Tracy, as well as other similarly situated persons or entities that purchased Xing securities suffered tremendous losses on their investments.

## IV.   ARGUMENT

### A.   This Court Should Consolidate the Related Actions for Efficiency Purposes

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact. *See* Fed.R.Civ.P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002). Judicial economy generally favors consolidation and requires the court to conduct a careful inquiry that balances the prejudice and possible confusion that consolidation might entail, against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings would engender. *See Celotex*, 899 F.2d at 1285; *Albert Fadem Trust*, 239 F. Supp. 2d at 347. Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district. *See Celotex*, 899 F.2d at 1284-85. Consolidation is

generally ordered so long as any confusion or prejudice does not outweigh efficiency concerns. *Id.*

It is also well-recognized that consolidating shareholder class action suits often benefits *both* the court and the parties by expediting pretrial proceedings, reducing case duplication and minimizing the expenditure of time and money by all persons concerned. *In re Olsten Corp Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998).

Consolidation is appropriate in this litigation. Plaintiffs in the Related Actions have alleged that defendants failed to disclose and misrepresented material facts which were known to defendants or recklessly disregarded by them. The Related Actions each seek to hold similar defendants responsible for the consequences of their course of conduct and seek relief under claims arising under the Exchange Act. Plaintiffs in each of the cases share a mutual interest in having the Court resolve questions concerning whether defendants made material misstatements and/or omitted material facts and whether the price of Xing securities became artificially inflated as a result.

Because each of the Related Actions presents related factual and legal issues, consolidation is appropriate.

### B. Mally and Tracy Should Be Appointed Lead Plaintiff

#### 1. Mally and Tracy Believe They Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA sets forth the procedure for the selection of lead plaintiff in "each private action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Section 21D(a)(3)(A)(i) provides that within twenty days after the date on which a class action is filed:

the plaintiff or plaintiffs shall cause to be published, in a widely circulated
national business-oriented publication or wire service, a notice advising members
of the purported plaintiff class –

(I)   of the pendency of the action, the claims asserted therein, and the
purported class period; and

(II)   that, not later than 60 days after the date on which the notice is published,
any member of the purported class may move the Court to serve as lead plaintiff
of the purported class.

Further, Section 21D(a)(3)(B) directs the Court to consider any motions by a plaintiff or purported class member to serve as Lead Plaintiff in response to any such notice within ninety days after the date of publication of the notice pursuant to Section 21(a), or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.

Under these sections of the Exchange Act, the court "shall" appoint the most adequate plaintiff, and is to presume that plaintiff is the person, or group of persons, that:

(aa)   has either filed the complaint or made a motion in response to a
notice…;

(bb)   in the determination of the court, has the largest financial interest
in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

Section 21D(a)(3)(B); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Thus, the statutory language explicitly provides that a member of the class, or a person or group of persons with "the largest financial interest" is entitled to presumptive appointment as lead plaintiff. Section 21D(a)(3)(B). Mally and Tracy have estimated collective losses in Xing securities of $97,152.72. *See* Campisi Decl. Ex. C. Therefore, Mally and Tracy believe they

have the largest financial interest of any lead plaintiff movant and are presumptively entitled to appointment as the Lead Plaintiffs.

### 2. Mally and Tracy Are Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act; *Albert Fadem Trust*, 239 F. Supp. 2d at 347; *In re Olsten Corp. Sec. Litig*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims of the representative be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As detailed below, Mally and Tracy satisfy the typicality and adequacy requirements of Rule 23(a) and are qualified to be appointed as Lead Plaintiffs.

#### a. Mally and Tracy's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when each class member's claim arises from the same course of conduct, even when minor distinctions exist. *Albert Fadem Trust*, 239 F. Supp. 2d at 347-48; *Olsten*, 3 F. Supp. 2d at 296. Mally's and Tracy's Exchange Act claims are typical of the claims of the members of the proposed putative Class. Mally, Tracy, and all other members of the proposed class purchased Xing securities at prices inflated by defendants' misrepresentations and omissions and were damaged thereby.

Because Mally and Tracy's claims arise from the same course of conduct which caused other members of the class to purchase Xing securities at artificially inflated prices, typicality is satisfied.

### b. Mally and Tracy Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the Class." Adequate representation will be found if the plaintiffs are represented by able and experienced counsel, and that such plaintiffs have no fundamental conflicts of interest with the legitimate interests of the class as a whole. *Halford v. Goodyear Tire & Rubber Co.,* 161 F.R.D. 13, 19 (W.D.N.Y. 1995). Here, lead plaintiff movants' interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism among Mally, Tracy and the interests of the Class. Mally and Tracy share numerous common questions of law and fact with the members of the Class, and their claims are typical of the Class. Moreover, Mally has demonstrated that he is willing to serve as an advocate on behalf of the Class by filing the initial complaint in this action. Both Mally and Tracy have submitted declarations that state their respective willingness to serve as class representatives. Indeed, they met telephonically and agreed to file this motion jointly. Thus, the close alignment of interests between Mally and Tracy and the proposed class, combined with their strong desire to prosecute these actions on behalf of the Class, militates in favor of granting the instant motion.

### C. This Court Should Approve Mally and Tracy's Choice of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 21D(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class." Mally and Tracy have selected counsel highly experienced in prosecuting securities class actions. Mally and Tracy have retained the law firm of Kaplan Fox to serve as Lead Counsel. Kaplan Fox has extensive experience litigating securities class actions and has successfully prosecuted numerous

securities class actions on behalf of injured investors. Campisi Decl. Ex. E (firm resume of Kaplan Fox).

## V.  CONCLUSION

For the above reasons, Mally and Tracy respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint Mally and Tracy as the Lead Plaintiffs in the above-captioned Related Actions; and (3) approve their choice of Lead Counsel.

DATED: October 9, 2007

                                                                          Respectfully submitted,

                                                                          KAPLAN FOX & KILSHEIMER LLP

                                                                          By:       s/ Joel B. Strauss
                                                                              Frederic S. Fox
                                                                              Joel B. Strauss
                                                                              Jeffrey P. Campisi
                                                        850 Third Avenue, 14th Floor
                                                        New York, NY 10022
                                                        Telephone: (212) 687-1980
                                                        Facsimile: (212) 687-7714

                                                        *Attorneys for Lead Plaintiff Movants*
                                                        *Lawrence Mally and Larry Tracy*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on October 9, 2007, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will electronically send notification of such filing to the registered participants and paper copies will be sent via first-class mail postage pre-paid to those indicated as non-registered participants on October 9, 2007.

                                                   /s/    Jeffrey P. Campisi
                                                          Jeffrey P. Campisi

October 9, 2007