UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QIAO XING SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions | MASTER FILE<br>07-CIV-7097 (DLC)<br><br>**"ECF" Case** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), submitted pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, is made and

entered into by and among the Lead Plaintiff[1] (on behalf of itself and the members of the

proposed Settlement Class), and defendants Qiao Xing Universal Telephone, Inc. ("Qiao Xing"),

Rui Lin Wu, Albert Leung, Zhi Yang Wu, Sonny Kwok Wing Hung, Ze Yun Mu, Yi Hong

Zhang, and Grobstein, Horwath & Company LLP (collectively, "Defendants"), by and through

their counsel of record (collectively, the "Settling Parties").  The Settling Parties intend this

Stipulation to fully, finally and forever resolve, discharge, dismiss and settle the Released Claims

upon and subject to the terms and conditions set forth herein, subject to approval of the Court.

## RECITALS

WHEREAS, beginning on August 9, 2007, five putative class actions were filed in the

United States District Court for the Southern District of New York (the "Court") alleging

violations of the federal securities laws against Qiao Xing Universal Telephone, Inc. ("Qiao

---

[1] All capitalized terms not otherwise defined shall carry the meaning set forth in Section
1 below.

Xing" or the "Company") and certain of its current and former officers and directors, including: (i) *Lawrence Mally v. Qiao Xing, et al.*, 07-cv-7097; (ii) *Milton Pfeiffer v. Qiao Xing, et al.*, 07-cv-7252; (iii) *Isaac Fishman, custodian for the IBF Foundation v. Qiao Xing, et al.*, 07-cv-7312; (iv) *Reuven Lapin v. Qiao Xing, et al.*, 07-cv-7829; (v) *Michael Locke v. Qiao Xing, et al.,* 07-cv-7693 (collectively, the "Related Actions"). Each of the Related Actions makes similar allegations, including that the market price of the company's stock was artificially inflated as a result of Defendants' false and misleading statements, and asserts similar claims for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"), as well as "controlling person" claims under Section 20(a) of the Exchange Act.

WHEREAS, on November 1, 2007, the Court entered an Order consolidating the Related Actions, for all purposes under the caption *In re Qiao Xing Securities Litigation*, 07-cv-7097. By the same Order, the Court granted the motion of PELO, a.s. to be appointed Lead Plaintiff under Section 21D(a)(3)(B) of the Exchange Act and approved Lead Plaintiff's selection of Murray, Frank & Sailer LLP as Lead Counsel.

WHEREAS, on November 19, 2007, the Court entered an Order directing the Parties to contact Magistrate Judge Pitman to arrange for settlement discussions under his supervision prior to January 11, 2008.

WHEREAS, on January 10, 2008, the Settling Parties held settlement discussions at arm's length under the supervision of Magistrate Judge Pitman.

WHEREAS, Defendants vigorously deny and disclaim any wrongdoing or liability in connection with the claims and allegations asserted against them in the Action, but have determined to enter into this Settlement on the terms and conditions set forth herein to halt the

substantial expense and management distraction that continues to be attendant to the litigation, as well as to eliminate uncertainty and risks from continued litigation.

WHEREAS, Lead Counsel has determined, after taking into account the substantial benefits conferred on the Settlement Class by a settlement in accordance with the terms of this Stipulation, that this Settlement would be fair, reasonable, and adequate and in the best interests of the Settlement Class.

NOW, THEREFORE, in consideration of the promises and agreements, covenants, representations, and warranties set forth herein, intending to be legally bound:

IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, that this Action and all Released Claims are finally and fully settled and compromised and that this Action shall be dismissed with prejudice and without costs; subject to Court approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon, and subject to the following terms and conditions.

## 1.    Definitions

As used in this Stipulation, the following terms shall have the following meanings:

1.1    "Action" means any and all of the Related Actions, consolidated in the United States District Court for the Southern District of New York under the caption *In re Qiao Xing Securities Litigation*, 07-cv-7097, and encompasses any and all complaints and other court filings in those cases.

1.2    "Attorneys' Fees and Expenses" means the portion of the Settlement Fund approved by the Court for payment to Lead Counsel, including attorneys' fees, costs, litigation expenses, fees and expenses of experts and investigators, as well as any interest earned on monies allocable to such attorneys' fees, costs, and expenses (at the same rate as that earned on

the Settlement Fund) between the date such Attorneys' Fees and Expenses are awarded and paid. It is understood and agreed to by the Settling Parties that, notwithstanding any other provision of this Stipulation, any revisions by the Court or on appeal or otherwise relating solely to the award of Attorneys' Fees and Expenses shall not operate to terminate or cancel or otherwise affect this Stipulation or the Settlement.

1.3     "Authorized Claimant" means a Settlement Class Member (or the representative of such Member including, without limitation, agents, administrators, executors, heirs, successors, and assigns) who submits a timely and valid Proof of Claim and Release to the Claims Administrator and who is entitled to a distribution from the Net Settlement Fund pursuant to the terms and conditions set forth in this Stipulation.

1.4     "Claims Administrator" means, subject to Court approval, Complete Claims Solutions, LLC ("CCS").

1.5     "Class Period" means the period from June 30, 2004 through July 16, 2007.

1.6     "Effective Date" means the latest of the date, after entry of the Final Approval Order and Judgment (substantially in the form annexed hereto as Exhibit E), when:  (i) the time to file a motion to alter or amend the Final Approval Order and Judgment has expired without any such motion having been filed; (ii) the time to seek review of or appeal from the Final Approval Order and Judgment has expired without any such review or appeal having been sought or taken; or (iii) if such motion to alter or amend is filed or if such review or appeal is sought or taken, the last of such motion, review or appeal shall have been finally determined in such a manner as to permit the implementation of the Settlement according to the terms set out in this Stipulation.

1.7     "Escrow Agent" means CCS.

4

1.8    "Fairness Hearing" means the hearing to determine whether the proposed settlement of the Action should be approved as fair, reasonable and adequate; whether the proposed Plan of Allocation of the Net Settlement Fund should be approved; whether the Settlement Class should be finally certified for purposes of effectuating the Settlement, and whether the application for Attorneys' Fees and Expenses should be approved.

1.9    "Final" means: (i) the date of final affirmance on an appeal of the Final Approval Order and Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Final Approval Order and Judgment and, if certiorari is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Final Approval Order and Judgment or the final dismissal of any proceeding on certiorari to review the Final Approval Order and Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Final Approval Order and Judgment approving the Stipulation substantially in the form of Exhibit E hereto; *i.e.*, 30 days after entry of the Final Approval Order and Judgment. A proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any Plan of Allocation and/or application for Attorneys' Fees and Expenses, shall not in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

1.10    "Final Approval Order and Judgment" means the order to be entered by the Court, substantially in the form attached hereto as Exhibit E.

1.11    "Lead Counsel" means Murray, Frank & Sailer LLP.

1.12    "Lead Plaintiff" means PELO, a.s.

1.13   "Net Settlement Fund" means the Settlement Fund, as defined below, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administrative Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees and expenses authorized by the Court.

1.14   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form of Exhibit B hereto.

1.15   "Notice and Administration Expenses" means all costs and expenses reasonably and actually incurred or owing in connection with locating Settlement Class Members; mailing and distributing the Notice to Settlement Class Members; arranging for publication of the Summary Notice; reimbursing nominal holders for reasonable expenses in locating Settlement Class Members and distributing the Notice; receiving, evaluating, processing and calculating Proofs of Claims and supporting documents; communicating with Settlement Class Members regarding their claims; and paying escrow fees and costs of the escrow account. Notice and Administration Expenses include fees to be paid to the Claims Administrator but not attorneys' or consultant fees of any person or entity with the sole exception of any such fees that constitute Tax Expenses as defined in section 3.6 below.

1.16   "Person(s)" means a natural person, individual, corporation, partnership, limited liability partnership, association, joint venture, joint stock company, estate, custodian, legal representative, trust joint venture, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their/its heirs, executors, administrator, predecessors, successors, representatives, or assignees.

1.17   "Plaintiffs' Counsel" means all counsel of record for plaintiffs appearing in the Action.

1.18    "Plan of Allocation" means that plan or formula of allocation of the Net Settlement Fund determined solely by Lead Counsel and approved by the Court, which plan or formula shall govern the distribution of the Net Settlement Fund.  It is understood and agreed to by the Settling Parties that, notwithstanding any other provision of this Stipulation, any revisions by the Court or on appeal or otherwise relating solely to the Plan of Allocation shall not operate to terminate or cancel or otherwise affect this Stipulation.

1.19    "Preliminary Approval Order" means that order to be entered by the Court, substantially in the form attached hereto as Exhibit A.

1.20    "Proof of Claim" means a Proof of Claim and Release substantially in the form attached hereto as Exhibit D.

1.21    "Released Claims" means any and all known and unknown claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, arising out of, based upon or related in any way to any of the following: (i) the allegations made in the Action (including the Related Actions) against any of the Released Parties, (ii) the allegations that could have been made in any forum by the Settlement Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any of the complaints in the Action or that involve in any way events that actually or purportedly occurred during the Class Period, (iii) the purchase, sale or other

disposition of Qiao Xing securities by any of the Released Parties, the Lead Plaintiff or any of the Settlement Class Members during the Class Period, or (iv) the settlement or resolution of the Action (including without limitation, any claim for attorneys' fees by the Lead Plaintiff or Settlement Class Members).  Released Claims expressly includes Unknown Claims.

      1.22    "Released Parties" means any and all present and former employees, officers and directors of Qiao Xing, including, without limitation, Defendants, and all of the persons named as defendants in the Action (including the Related Actions) at any time, and Qiao Xing, Grobstein, Horwath & Company LLP, and all of their respective past or present subsidiaries, parents, successors and predecessors, agents, attorneys, advisors (including American Appraisal Inc.), insurers, investment advisors, auditors, accountants, assigns, spouses, any member of their immediate family, or any trust which is for the benefit of any of them and/or member(s) of their immediate family and the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

      1.23    "Settlement" means the settlement contemplated by this Stipulation and its Exhibits.

      1.24    "Settlement Class" or "Settlement Class Member(s)" means a Settlement Class, consisting of all Persons, including Lead Plaintiff, who i) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive (the "Class Period"); ii) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007, both dates inclusive; and/or iii) sold Qiao Xing put options between June 30, 2004 and July 16, 2007, both dates inclusive, and who suffered a loss (the "Settlement Class;" members of the Settlement

Class are "Settlement Class Members"). Defendants, Qiao Xing (including its present and past subsidiaries, parents, successors, and predecessors), Qiao Xing's present and past officers and directors, agents, employees, consultants, including members of their immediate families, and their legal representatives, heirs, successors or assigns, affiliates, and any entity in which any one of them has or had a controlling interest, or which is related to or affiliated with any of the foregoing, are excluded from the Settlement Class. Also excluded is any person or entity who files a valid request for exclusion from the Settlement Class.

1.25 "Settlement Fund" means the principal amount totaling two million and four hundred thousand ($2,400,000) dollars, minus any amounts paid in accordance with section 3.4 below, and increased by the amount of interest earned on the Settlement Fund. The Settlement Fund shall be funded in two traunches. $1,200,000 shall be deposited by Qiao Xing and its insurer in an escrow account to be managed by the Escrow Agent, no later than five business days after the issuance of the Preliminary Approval Order. The remaining $1,200,000 shall be deposited by Qiao Xing and its insurer into the above account no later than five business days before the date of the Fairness Hearing.

1.26 "Summary Notice" means the Summary Notice of Pendency of and Proposed Settlement of Class Action Involving Qiao Xing Universal Telephone Inc. substantially in the form of Exhibit C hereto.

1.27 "Unknown Claims" means any and all Released Claims which Lead Plaintiff and/or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that involve in any way events that actually or purportedly occurred during the Class Period, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all

Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, federal law, foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement. Lead Plaintiff and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff intends, and Settlement Class Members are deemed to have intended, for the release of the Released Claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and for it to extend to Unknown Claims. The release of the Released Claims is intended to be a full and binding release of all Released Claims, including Unknown Claims, and shall be construed broadly to effect that purpose.

**2.    Releases**

    2.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and of any and all Released Claims as against all Released Parties.

2.2    Upon the Effective Date of the Settlement, Lead Plaintiff and the Members of the Settlement Class, on behalf of themselves, their heirs, executors, administrators, subsidiaries, affiliates, successors and assigns, and any person they represent, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and every Released Claim against any and all of the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release; provided, however, that until the Settlement Fund is deposited in an escrow account managed by the Escrow Agent nothing herein is meant to bar any claim relating solely to performance or enforcement of this Stipulation or the Settlement.  By entering into this Stipulation, the Lead Plaintiff represents and warrants that it has not assigned, hypothecated, transferred or otherwise granted any interest in the Released Claims, or any of them, to any Person.

2.3    Upon the Effective Date of this Settlement, and by operation of the Final Approval Order and Judgment, each of the Defendants, on behalf of themselves and the Released Parties, shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and every claim against any or all of the Settlement Class Members relating to or arising out of, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action, provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of this Stipulation or the Settlement.

**3.    The Settlement Payment**

3.1    In the method described in paragraph 1.24 above, the Settlement Fund will be deposited by Qiao Xing and its insurer in an escrow account to be managed by the Escrow

Agent. In no event shall Qiao Xing and its insurer be required to pay more than $2,400,000 in connection with the Settlement. The Escrow Agent shall invest the Settlement Fund in instruments backed by the full faith and credit of the United States Government or an agency thereof (or a mutual fund invested solely in such instruments) and shall reinvest the proceeds of such instruments as they mature in similar instruments, maturity dates of which shall not exceed six months, at the then current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund. All interest in the Settlement Fund shall be for the benefit of the Lead Plaintiff and Settlement Class Members (including payment of Attorneys' Fees and Expenses).

3.2     Subject to Court approval and oversight, the escrow account will be controlled by the Escrow Agent. The Released Parties shall have no liability whatsoever for the acts or omissions of the Escrow Agent. The Escrow Agent shall not disburse the Settlement Fund or any portion thereof except as provided for in the Stipulation, by an order of the Court, or with prior written agreement by the counsel for the Defendants and Lead Counsel.

3.3     Subject to further order and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

3.4     Settlement Notice and Administration Expenses will be funded out of the Settlement Fund. By agreeing to CCS as Claims Administrator, Defendants agree that CCS's standard claims administration rates are reasonable for the purposes of this section.

3.5     The escrow account is intended to be a "Qualified Settlement Fund" within the meaning of § 468B of the Internal Revenue Code and the regulations promulgated thereunder (including, specifically, Treasury Regulation § 1.468B-1). In addition, the Escrow Agent shall

timely make such elections as necessary or advisable to carry out the provisions of this section, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Lead Counsel, with the assistance of the Claims Administrator, shall file all informational and other tax returns necessary to report any income earned by the escrow account, as and when legally required, and shall make all tax payments (including interest and penalties) due on the income earned by the Settlement Fund. All such taxes (including any interest and penalties) due with respect to the income earned by the escrow account shall be paid out of the Settlement Fund. Lead Plaintiff and Defendants agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

3.6    All (i) taxes on the income of the escrow account ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the escrow account (including, without limitation, expenses of tax attorneys and accountants) (collectively, "Tax Expenses") shall timely be paid by the Escrow Agent out of the escrow account.

3.7    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or disbursement of the Settlement Fund, including, without limitation, the administration, investment or distribution of the Settlement Fund or the Net Settlement Fund, the determination or implementation of the Plan of Allocation, the determination, administration, calculation or payment of claims, the payment

or withholding of Taxes or Tax Expenses in connection with any of the foregoing, or any losses incurred in connection with any of the foregoing. The Escrow Agent shall indemnify and hold each of the Released Parties harmless for Taxes or Tax Expenses.

3.8     Counsel for the Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms; provided, however, that such cooperation shall under no circumstances be construed to give rise to any responsibility for, interest in, or liability whatsoever on the part of any Released Party for any matter related to the administration of the Settlement (including, without limitation, the matters set forth in section 5.6, below).

3.9     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.10    The Defendants shall not be entitled to any portion of the Settlement Fund once the escrow account is funded.

**4.      Preliminary Approval of the Settlement and the Settlement Class**

4.1      The Settling Parties and their respective counsel shall use their best efforts and cooperate fully with one another in (a) preparing and executing all documents necessary to effectuate the Settlement contemplated by this Stipulation; (b) seeking first preliminary and then Final approval of the Settlement; (c) seeking preliminary and then Final approval of the proposed Settlement Class for purposes of effectuating the Settlement; and (d) effecting the full consummation of the Settlement in accordance with their respective responsibilities set forth herein.

4.2      As soon as practicable after execution of this Stipulation, but no later than February 15, 2008, Lead Plaintiff shall move the Court for preliminary approval of the Settlement and preliminary approval of the Settlement Class (for purposes of effectuating the Settlement).  Lead Counsel shall apply to the Court for a preliminary approval order substantially in the form attached hereto as Exhibit A.

**5.      Settlement Administration**

5.1      The Claims Administrator shall administer the Settlement subject to the supervision of Lead Counsel and the Court, as circumstances may require.

5.2      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)      Each Settlement Class Member who wishes to participate in the Net Settlement Fund must, within one hundred (100) days after the initial mailing of the Notice or such other time as may be set by the Court, submit a Proof of Claim and Release to the Claims

Administrator, sworn on oath or made subject to the penalties of perjury pursuant to 28 U.S.C. § 1746, and supported by such documents and other information as are called for in the Proof of Claim and Release:

(i)     A Proof of Claim and Release will be deemed submitted (A) when posted, if it is mailed by first-class, registered, or certified mail, postage prepaid, addressed in accordance with the instruction given thereon, and actually received by the Claims Administrator specified in the Proof of Claim and Release, or (B), if otherwise submitted, when it is actually received by the Claims Administrator at the designated address; and

(ii)     The Proof of Claim and Release shall provide that, by submitting a Proof of Claim and Release, the Member expressly releases all Released Claims, as set forth in section 2 above; consents to the jurisdiction of the Court; agrees to be subject to discovery with respect to the validity and/or amount of his, her, or its claim; consents to summary disposition, by the Court, with respect to the validity and/or amount of his, her, or its claim; and waives trial by jury (to the extent any such right may exist) with respect to the Court's summary disposition with respect to the validity or amount of his, her, or its claim.

(b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Approval Order and Judgment.

16

(c)    The amount of each Authorized Claimant's claim shall be determined in accordance with the Plan of Allocation to be described in the Notice and approved by the Court, but in any event shall not exceed the Authorized Claimant's actual losses.

(d)    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation.

5.3    This is not a "claims made" settlement.  The Defendants shall not be entitled to any of the Settlement Fund once they have paid the monies into the Settlement Fund.  The Defendants shall have no involvement in reviewing or challenging claims.  Checks will be distributed to Authorized Claimants after all claims have been processed and after the Court has finally approved the distribution of the Net Settlement Fund.  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.  If, six months after such re-distribution, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to one or more not-for-profit 501(c)(3) organization(s) designated by Lead Counsel and approved by the Court.

5.4    No person shall have any claim against the Lead Plaintiff or its counsel, any claims administrator, any agent designated by Lead Counsel, the Released Parties or their respective counsel based on investments or distributions made substantially in accordance with

this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

5.5     It is understood and agreed by the Settling Parties that the proposed Plan of Allocation including, but not limited to, any adjustments to any Authorized Claimant's claim set forth therein, is not part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation or any appeal of any order relating thereto, shall not operate to terminate or cancel the Stipulation or be deemed material thereto, or affect the finality of the Court's Final Approval Order and Judgment approving the Stipulation and the Settlement, or any other orders entered pursuant to the Stipulation.

5.6     The Released Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(a)     Any act, omission or determination of the Escrow Agent, Claims Administrator, Lead Counsel or designees or agents of Lead Counsel, Escrow Agent or Claims Administrator;

(b)     Any act, omission or determination of Lead Counsel or their designees or agents in connection with the administration of the Settlement;

(c)     The management, investment, or distribution of the Settlement Fund or the Net Settlement Fund;

(d)     The determination, administration, calculation, or payment of any claims asserted against the Settlement Fund or the Net Settlement Fund; or

(e)     The Plan of Allocation.

5.7    Defendants and Qiao Xing's insurer shall use their best efforts to assist Lead Plaintiff and Lead Counsel in obtaining from Qiao Xing's transfer agent Qiao Xing's shareholder lists solely for providing Notice to the Settlement Class.  Lead Plaintiff and the Claims Administrator agree that Qiao Xing's shareholder lists will be used solely for the purpose of providing notice to the Settlement Class as provided in this paragraph, and, after the Effective Date, making distributions to Authorized Claimants who filed valid and complete proofs of claims.

5.8    Defendants and the Insurer do not object to the payment of administration costs (upon the receipt of invoices) of up to $100,000 out of the Settlement Fund to cover the costs of notice and related settlement administrative expenses (the "Notice and Administration Fund"). The Escrow Agent shall not disburse funds from the Notice and Administration Fund except as provided in this Stipulation, or by an order of the Court, or with the written agreement of counsel for the Parties.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and such funds shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to Defendants pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall hold the funds in an interest bearing bank account insured by the FDIC.

**6.    Final Approval Order and Judgment**

6.1    If the Court grants final approval of the Settlement embodied in this Stipulation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties to this Stipulation shall submit to the Court a proposed Final Approval Order and Judgment in a form substantially the same Exhibit E hereto.

**7.    Attorneys' Fees and Expenses**

7.1    Lead Counsel may apply to the Court for an award of Attorneys' Fees and Expenses.  Such Attorneys' Fees and Expenses shall be payable solely out of the Settlement Fund and shall be deducted to the extent approved by the Court from the Settlement Fund prior to the distribution to the Settlement Class Members.  No other Plaintiffs' Counsel shall be entitled to request payment of any attorneys' fees or expenses in connection with the Settlement.

7.2    Notwithstanding any other provision of this Stipulation to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any application by Lead Counsel or Lead Plaintiff for Attorneys' Fees and Expenses to be paid out of the Settlement Fund are to be considered by the Court separately and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the award of Attorneys' Fees and Expenses, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Stipulation or be deemed material thereto or affect the finality of the Court's Final Approval Order and Judgment approving the Stipulation and the Settlement, or any other orders entered pursuant to the Stipulation.

8.    **Contingencies, Effective or Disapproval or Termination of the Settlement**

8.1    This Settlement and the consideration therefore are given by or on behalf of Defendants in return for, and are contingent upon, a full and complete release of all Released Claims by all Settlement Class Members against the Released Parties.

8.2    In the event the Court or, in the event of an appeal, any appellate court having jurisdiction over the Action refuses to approve, or modifies any material aspect of this Stipulation or the proposed Preliminary Approval Order or Final Approval Order and Judgment entered or to be entered pursuant thereto, any Defendant or Lead Plaintiff may terminate this Stipulation and the Settlement as set forth below.

8.3    This Stipulation and the Settlement set forth herein shall terminate and be cancelled if within ten (10) business days after any of the following events set forth in this section 8.3, one of the Settling Parties provides written notification of an election to terminate the Settlement.  For purposes of this Stipulation and this section, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning the Plan of Allocation, the administration of the Settlement or the persons performing such administrative functions, or the amount, advancement or award of any fees or expenses awarded by the Court to any of Lead Counsel or to Lead Plaintiff, including Attorneys' Fees and Expenses, shall constitute grounds for cancellation or termination of the Stipulation.

(a)    The Court declines to provide preliminary approval of this Stipulation and the Settlement set forth herein, or declines to enter or materially modifies the form of order preliminarily approving the Settlement attached hereto as Exhibit A;

(b)    The Court declines to provide final approval of the Settlement, or declines to enter or materially modifies the form or order entering Final Approval Order and Judgment attached hereto as Exhibit E;

(c)    The Court's Final Approval Order and Judgment is vacated, reversed or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date; or

(d)    The Effective Date does not occur for some other reason.

8.4    Defendants and Lead Plaintiff, on behalf of the Settlement Class, have entered into a separate agreement in connection with this Settlement which provides that Defendants shall have the right to terminate the Settlement upon the conditions set forth in such agreement if

the total number of shares of Qiao Xing common stock that request to opt out of the Settlement meets a certain threshold.

8.5    If for any reason this Stipulation is terminated or the Effective Date does not occur, then, in such event:

(a)    The Settling Parties shall be deemed to have reverted to their respective status in the Action as of the date prior to this Stipulation, which shall then resume proceedings before the Honorable Denise L. Cote in the United States District Court of the Southern District of New York, that Court having retained jurisdiction over the Settlement and related matters, and except as otherwise expressly provided in this Stipulation, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered; and

(b)    In addition to this section 8.5 and its provisions, section 10.1 and sections 10.11 through 10.13 shall survive any termination of this Stipulation.

## 9.    No Admission of Wrongdoing

9.1    Defendants have vigorously denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have vigorously denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the Released Claims, including any and all claims of wrongdoing or liability alleged or asserted in the Action.  Defendants state that they are agreeing to this Settlement solely because it will eliminate the substantial burden, expense and uncertainties of further litigation and the concomitant distraction of resources and efforts from their businesses.  This Stipulation, and any of its terms, any agreement or order relating thereto, and any payment or consideration provided for herein, is not and shall not be construed as an admission by any of the Defendants or other Released Parties of any fault, wrongdoing, or liability whatsoever, or an admission by Lead

Plaintiff of any lack of merit of its claims against the Defendants. This Stipulation, and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any Settling Party to be received in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any Defendant or other Released Parties; provided, however, that nothing contained in this section shall prevent this Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Approval Order and Judgment, or in which the reasonableness, fairness, or good faith of Defendants in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement, the Final Approval Order and Judgment, or the Proofs of Claim and Release as to the Defendants, Released Parties, Lead Plaintiff, or the Settlement Class Members. This Stipulation may, however, be filed and used in other proceedings, where relevant, to demonstrate the fact of its existence and of this Settlement, including, but not limited to, any Defendant filing the Stipulation and/or the Final Approval Order and Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**10.    Miscellaneous**

10.1    All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

10.2     The Settling Parties agree to undertake and to use their best efforts, including all steps contemplated by this Stipulation, and any other steps and efforts that may become necessary by order of the Court or otherwise, to effectuate this Stipulation and the Settlement.

10.3     This Stipulation (including the Exhibits hereto, agreements referenced herein, and documents executed pursuant to the foregoing) contains the entire agreement among the Settling Parties with respect to the subject matter hereof and supersedes any prior written or oral agreements, representations, warranties, or statements.     No representation, warranty, or inducement has been made to any Settling Party concerning this Stipulation other than the representations, warranties, and covenants expressly contained herein.  This Stipulation may not be altered, modified or amended, or any of its provisions waived, unless by a writing, executed by counsel for all the Settling Parties.

10.4     This Stipulation may be executed in counterparts, all of which shall be considered the same as if a single document shall have been executed, and shall become effective when such counterparts have been signed by each of the Settling Parties and delivered to each of the other Settling Parties.   Any signature to this Stipulation, to the extent signed and delivered by facsimile, shall be treated in all manners and respects as an original signature and shall be considered to have the same binding effect as if it were the original signed version thereof delivered in person.

10.5     Upon prior notice to the Court and after approval by the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation, as contemplated in the attached Exhibits, incorporated herein by reference.

10.6     The failure of any Settling Party to enforce at any time any provision of this Stipulation shall not be construed to be a waiver of such provision, nor in any way to affect the

validity of this Stipulation or any part hereof or the right of any Settling Party thereafter to enforce each and every such provision. No waiver of any breach of this Stipulation shall be held to constitute a waiver of any other breach.

10.7     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by Defendants to be a preference, voidable transfer, or fraudulent transfer, then the releases given and judgment entered pursuant to this Stipulation shall be voidable by Lead Counsel, and if so voided, the Settling Parties shall be restored to their respective positions in the Action as of the date hereof upon the return of the Settlement Fund to Defendants, including interest earned on the Settlement Fund, less any Administration Expenses.

10.8     Each Defendant warrants as to himself or itself that, as to the payments made by or on behalf of him or it to carry out any of the provisions of this Stipulation, at the time such payment is made or caused to be made, he or it was not insolvent nor did the payment required to be made by or on behalf of him or it render such Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by each such Defendant and not by such Defendant's counsel.

10.9     If a case is commenced in respect of any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate

Case 1:07-cv-07097-DLC    Document 35    Filed 02/25/2008    Page 26 of 30

and set aside the releases given and the Final Approval Order and Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as of the date prior to this Stipulation.

10.10    The Court shall retain jurisdiction with respect to the enforcement of the terms of this Stipulation and the Settlement embodied herein.

10.11    The section headings used throughout this Stipulation are for convenience only and shall not affect the interpretation or construction of this Stipulation.

10.12    In the event that the Court or any other court is called upon to interpret this Stipulation, no one party or group of parties shall be deemed to have drafted this Stipulation.

10.13    The parties agree that each party has complied with Rule 11 of the Federal Rules of Civil Procedure at all times in connection with the Action.

10.14    Lead Counsel will apply to the Court for an award of (i) Attorneys' Fees and Expenses reasonably incurred in connection with the prosecution of the Action, in an amount not to exceed twenty percent (20%) of the Settlement Fund (including a pro rata share of accrued interest), to be paid out of the Settlement Fund; plus (ii) expenses reasonably incurred in connection with the prosecution of the Action, to be paid out of the Settlement Fund.  Defendants and the Released Parties shall not oppose such application, nor will they object to the form of a separate motion and form of order providing for the award of attorneys' fees and reimbursement of expenses.  The award shall be paid directly to Lead Counsel from the Settlement Fund upon the Court's issuance of the Final Order and Judgment.  Lead Counsel shall return such funds in the event that the fee and expense award is overturned on Appeal.  No other Plaintiffs' Counsel

shall be entitled to request payment of any attorneys' fees or expenses in connection with the Settlement.

10.15    Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

10.16    This Stipulation and the Settlement contemplated hereby shall be governed by, and construed in accordance with the laws of the State of New York relating to contracts made and wholly to be performed in New York, and also shall be construed in accordance with the laws of the United States of America, to the extent applicable.

10.17    This Stipulation and the Settlement contemplated hereby shall be binding upon, and inure to the benefit of, the successors, assigns and heirs of the Settling Parties.

10.18    Other than as required by law, Defendants, Defendants' counsel, Lead Plaintiff, and Lead Counsel shall issue no press releases or make any other public statements describing this Settlement that disparages any party or accuses any party of wrongdoing.

10.19    Any written notice required pursuant to or in connection with this Stipulation shall be addressed to the parties' counsel as follows:

For Lead Plaintiff:

Brian P. Murray, Esq.
Murray, Frank & Sailer LLP
275 Madison Avenue
New York, New York  10016-1818
Telephone:  (212) 682-1818
Facsimile:  (212) 682-1892

For Defendants:

Jack C. Auspitz, Esq.
Joel C. Haims, Esq.
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, New York  10104-0050
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

Lawrence Steckman, Esq.
Lester Schwab Katz & Dwyer, LLP
New York, New York  10271
Telephone:  (212) 964-6611
Facsimile:  (212) 267-5916

**IN WITNESS WHEREOF**, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of February 25, 2008.

MURRAY, FRANK & SAILER LLP                    MORRISON & FOERSTER, LLP

_____               _____

Brian P. Murray (bmurray@murrayfrank.com)      Jack C. Auspitz (jauspitz@mofo.com)
Gregory B. Linkh (glinkh@murrayfrank.com)      Joel C. Haims (jhaims@mofo.com)
275 Madison Avenue                              Lily M. Fan (lmfan@mofo.com)
New York, New York  10016-1818                  1290 Avenue of the Americas
Telephone:  (212) 682-1818                      New York, New York  10104-0050
Facsimile:  (212) 682-1892                      Telephone:  (212) 468-8000
                                                Facsimile:  (212) 468-7900
**Lead Counsel for the Class**

                                                **Counsel for Qiao Xing and the Individual**
                                                **Defendants**


                                                LESTER SCHWAB KATZ
                                                  & DWYER, LLP

                                                _____

                                                Lawrence Steckman
                                                (lsteckman@lskdnylaw.com)
                                                120 Broadway
                                                New York, New York  10271
                                                Telephone:  (212) 964-6611
                                                Facsimile:  (212) 267-5916

                                                **Counsel for Grobstein, Horwath &**
                                                **Company LLP**

## DECLARATION OF SERVICE

I am an attorney admitted to practice in this district.  I hereby certify, under penalty of perjury, that on this 25th day of February, 2008, I caused a true and correct copy of the foregoing document to be served on the persons listed below by causing a true copy thereof to be delivered by both e-mail and hand overnight mail:

Jack C. Auspitz (jauspitz@mofo.com)
MORRISON & FOERSTER, LLP
1290 Avenue of the Americas
New York, New York  10104-0050
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

**Counsel for Qiao Xing and the
Individual Defendants**

Lawrence Steckman
(lsteckman@lskdnylaw.com)
LESTER SCHWAB KATZ
 & DWYER, LLP
120 Broadway
New York, New York  10271
Telephone:  (212) 964-6611
Facsimile:  (212) 267-5916

**Counsel for Grobstein, Horwath &
Company LLP**

_____/s/_____
Gregory B. Linkh (glinkh@murrayfrank.com)