**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE QIAO XING SECURITIES LITIGATION | MASTER FILE 07-CIV-7097 (DLC) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**IF YOU BOUGHT COMMON STOCK OR TRADED IN OPTIONS OF QIAO XING UNIVERSAL TELEPHONE, INC. ("QIAO XING" OR THE "COMPANY") BETWEEN JUNE 30, 2004 AND JULY 16, 2007, INCLUSIVE, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM THIS PROPOSED CLASS ACTION SETTLEMENT (THE "SETTLEMENT").**

**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION FROM A LAWYER.**

- This Notice concerns the proposed settlement of claims asserted by lead plaintiff ("Lead Plaintiff") in this consolidated class action (the "Action") against defendants Qiao Xing, Rui Lin Wu, Albert Leung, Zhi Yang Wu, Sonny Kwok Wing Hung, Ze Yun Mu, Yi Hong Zhang (the "Qiao Xing Defendants"), and Grobstein, Horwath & Company LLP (with the Qiao Xing Defendants, collectively, "Defendants"). The Action was instituted in the United States District Court for the Southern District of New York on behalf of persons allegedly damaged by Defendants' alleged violations of the federal securities laws.

- The Settlement will result in a payment of $2,400,000, plus accrued interest but minus attorneys' fees, costs, and other expenses, for the benefit of investors who 1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive (the "Class Period"), 2) purchased Qiao Xing call options during the Class Period, and/or 3) sold Qiao Xing put options during the Class Period, and who suffered a loss (the "Settlement Class;" members of the Settlement Class are "Settlement Class Members"). The recovery is explained in greater detail below.

- You are hereby notified that a hearing (the "Fairness Hearing") will be held before the Honorable Denise Cote, United States District Judge, United States District Court for the Southern District of New York (the "Court"), on _____, 2008, to determine whether the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, along with other items addressed herein.

- Your legal rights will be affected whether you act or do not act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| WHAT YOUR OPTIONS ARE | WHAT YOU MUST DO FOR EACH OPTION | DATE BY WHICH YOU MUST ACT |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. | The deadline to submit a claim form is _____, 2008. |
| **EXCLUDE YOURSELF** | You get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants and other Released Parties about the legal claims in the Action. | The deadline to exclude yourself is _____, 2008. |
| **OBJECT** | Write to the Court about why you do not like the Settlement and Plan of Allocation, and/or the Request for Attorneys' Fees and Reimbursement of Expenses. | The deadline to object is _____, 2008. |
| **GO TO THE FAIRNESS HEARING** | Ask to speak in Court about the fairness of the Settlement and Plan of Allocation, and/or the Request for Attorneys' Fees and Reimbursement of Expenses. | The Fairness Hearing will take place on _____, 2008, at _____ __.m. |
| **DO NOTHING** | You get no payment and you give up any rights. | N/A |

- These rights and options – and the deadlines by which to exercise them – are explained in this Notice.

- The Court has not yet certified this action as a class action or approved the Settlement. Payments to the Settlement Class will be made if the Court certifies the Settlement Class and approves the Settlement, after appeals, if any, are resolved; and after the claims processing procedure is complete.

**Statement of Recovery**

Lead Plaintiff has entered into an agreement to settle the Action, which will resolve the claims of the Lead Plaintiff and the Settlement Class against Defendants. The Settlement described herein will create a fund consisting of $2,400,000 in cash plus accrued interest (the "Gross Settlement Fund"). The Gross Settlement Fund will be used for the settlement of the Action, and the payment of taxes, administration costs (including the costs of notice and claims administration in the Action), and attorneys' fees and expenses. The cash remaining after the expenditures for administration costs, taxes, and attorneys' fees and expenses will be the "Net Settlement Fund."

Lead Plaintiff's financial expert calculated that approximately 17 million damaged shares of Qiao Xing common stock were traded during the Class Period. Assuming that all Settlement Class Members who held affected shares elect to participate in the Settlement, Lead Plaintiff estimates that the recovery would be approximately $0.14 per damaged share, and may be somewhat less depending on the number of options purchasers or sellers who file claims. Typically, not all eligible class members file claims.

The following factors will also affect the actual recovery per damaged share: (1) the number of claims filed; (2) when Settlement Class Members traded in the common stock or options during the Class Period; (3) administration costs, including the costs of notice; and (4) the amount awarded by the Court for attorneys' fees, costs, and expenses. Distributions to Settlement Class Members pursuant to the terms of the Settlement, upon approval by the Court, will be made based on a formula described below.

**Statement Of Potential Outcome:**

Lead Plaintiff sued Defendants and others for alleged misstatements and other conduct related to Qiao Xing which were alleged to have occurred between 2004 and 2007. Defendants deny that they are liable to Lead Plaintiff or the Settlement Class in any respect and deny that Lead Plaintiff or the Settlement Class has suffered any damages.

Lead Plaintiff's financial expert estimates that, if Settlement Class Members were to prevail on the claims that remain in the proposed class action, the maximum recoverable damages would be $3.3 million. Thus, the $2,400,000 settlement amount represents approximately 73% of the maximum possible recovery.

Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail on each claim alleged. Defendants also deny that they misled investors or that they are liable in any respect to the Lead Plaintiff or the Settlement Class and deny that Lead Plaintiff or the Settlement Class have suffered any damages.

**Statement Of Attorneys' Fees And Expenses Sought:**

Court-appointed lead counsel for the Lead Plaintiff, Murray, Frank & Sailer LLP ("Lead Counsel"), intends to apply to the Court for an award of attorneys' fees not to exceed 20% of the Gross Settlement Fund (including a *pro rata* share of accrued interest), and for reimbursement of reasonable costs and expenses necessarily incurred in bringing the Action, exclusive of settlement administration costs, in a total amount not to exceed $100,000. The requested fees and expenses, excluding administration costs, would amount to an average of $0.035 per damaged share. If the Settlement is approved, the costs of administering the Settlement will also be paid from the Gross Settlement Fund.

**Procedural History:**

On July 17, 2007, Qiao Xing announced that it was restating its financials for the years 2003, 2004, and 2005. As a result of this announcement, beginning on August 9, 2007, five proposed class actions were filed in the United States District Court for the Southern District of New York, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). These cases were assigned to the Honorable Denise Cote. In orders dated November 1, 2007, the Court: (1) consolidated the five actions under the caption *In re Qiao Xing Securities Litigation*, No. 07 Civ. 7097 (DLC); (2) appointed PELO, a.s. as Lead Plaintiff in the Action; and (3) approved Lead Plaintiff's selection of Murray, Frank & Sailer LLP as Lead Counsel.

Thereafter, the Court ordered the parties to mediate the case before Magistrate Judge Henry Pitman. At a mediation held on January 10, 2007, the parties engaged in intensive negotiations. At the conclusion of the mediation, Judge Pitman recommended to the parties that the case settle for $2.4 million. Upon further consideration, the parties agreed to settle the case for that amount.

Before this case was preliminarily settled, Lead Counsel conducted a detailed factual and legal investigation of the claims asserted, assisted by an accounting expert, a damages expert, and three separate teams of investigators based both in the United States and abroad. Lead Plaintiff entered into the Settlement on the basis of that investigation.

**Lead Plaintiff's Allegations[1]:**

During the Class Period, Qiao Xing filed Form 20-F Annual Reports ("Form 20-F") with the United States Securities and Exchange Commission ("SEC") for the fiscal years 2003, 2004, and 2005. Each Form 20-F detailed Qiao Xing's net income, net sales, and total assets for that fiscal year and previous fiscal years. Attached to the Forms 20-F were certifications provided by defendants Wu and/or Leung, pursuant to the Sarbanes-Oxley Act, which represented that the report "does not contain any untrue statement of a material fact or omit to state a material fact

---

[1] While the Action was settled before an amended complaint was filed, the allegations below would have been included in such a complaint.

4

necessary to make the statements made . . . not misleading . . . ." During the Class Period, Qiao Xing also filed several Form 14-A Proxy Statements with the SEC which provided similar information regarding Qiao Xing's net income, net sales, and total assets for fiscal years 2003, 2004, and/or 2005.

On July 17, 2007, before the market opened, the Company announced that "it filed with [the] SEC a Form 20-F to release its 2006 annual report and to restate its financial data for the years 2005, 2004 and 2003" (the "Restatement"). The Restatement concerned an adjustment based on the revaluation of acquired assets and the recognition of deferred tax assets and liabilities of the mobile phone company CECT, a subsidiary of Qiao Xing Mobile ("QXM"), which was itself a wholly-owned subsidiary of Qiao Xing until a partial spin-off of QXM was consummated in May 2007. The Restatement also concerned (1) the incorrect application of the provisions of EITF No. 99-19, "Reporting Revenue Gross as a Principal Versus Net as an Agent" and (2) the incorrect recognition of losses regarding an equity investment. As a result of the Restatement, Qiao Xing's net income dropped from $3.15 million to $195,000 (a 94% drop) in 2004, and from $34.244 million to $33.721 million in 2005 (a 1.5% drop), and the net loss in 2003 increased from $1.064 million to $3.307 million (a 310% increase). The Restatement also impacted reported net sales and total assets.

The Company's July 17, 2007 announcement and 2006 Form 20-F also contained other negative news, unrelated to the Restatement, concerning Qiao Xing's current results and future projections. In response to this news, the price of Qiao Xing common stock closed at $11.04 per share at on July 17, 2007, a 21% drop from the previous day's close of $13.97.

QXM's initial public offering ("IPO") occurred in May 2007, two-and-a-half months before the announcement of the Restatement. QXM's registration statement, first filed on April 17, 2007, revealed that the Qiao Xing Defendants were aware of many of the various accounting irregularities that were ultimately the subject of the Restatement. Lead Plaintiff alleges that the Qiao Xing Defendants had full knowledge of the false financial statements by that date at the latest. One of the stated purposes of the IPO was to obtain funding so that QXM could repay loans to Qiao Xing. Lead Plaintiff alleges that because a restatement could jeopardize the amount of funding that could be obtained by the IPO, thereby putting the repayment in jeopardy, the Qiao Xing Defendants intentionally or recklessly delayed the issuance of the Restatement, with full knowledge of the falsity of its prior financial statements, until over two-and-a-half months after the IPO was completed.

Lead Plaintiff alleges that by publishing financial statements that both overvalued CECT and led to other issues that were the subject of the Restatement, Qiao Xing issued materially false and misleading statements to the investing public in 2003, 2004, and 2005, in violation of the Exchange Act. The Qiao Xing Defendants had knowledge of the events giving rise to the Restatement by at least the date of the IPO. Lead Plaintiff alleges that these misstatements caused the price of Qiao Xing common stock to be artificially inflated, and had the market known of the true financial condition of Qiao Xing at that time, Lead Plaintiff and the other Settlement Class Members would not have traded their Qiao Xing securities during the Class Period at the artificially inflated prices at which they did, and would not have suffered losses

when the inflation was removed from the stock. Hence, Lead Plaintiff alleges Settlement Class Members were damaged when the stock price dropped on July 17, 2007.

**Defendants' Position**

Defendants have vigorously denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have vigorously denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the allegations above, including any and all claims of wrongdoing or liability alleged or asserted in the allegations above. Defendants state that they are agreeing to this Settlement solely because it will eliminate the substantial burden, expense and uncertainties of further litigation and the concomitant distraction of resources and efforts from their businesses.

**Reasons For The Settlement:**

Lead Counsel recommends the Settlement to the Settlement Class, based on its evaluation of the claims asserted, the evidence developed, and the damages that might be proven by the Settlement Class.

Lead Counsel has considered the inherent problems of proof under and possible defenses to the federal securities law violations asserted in the Action. These considerations include, in particular: (1) difficulties in alleging and proving that Defendants acted with the requisite culpability both before and after the IPO; and (2) difficulties in showing that the revelation of the alleged misconduct, and not other factors, caused a decline in Qiao Xing's stock price. Defendants would argue, both at the pleading stage and at summary judgment and/or trial, that (1) the Restatement was not material, because Qiao Xing's stock price did not drop when the various accounting irregularities that were ultimately the subject of the Restatement were revealed in QXM's registration statement, filed on April 17, 2007; (2) the Restatement was due to a disagreement between accounting firms and was not the result of fraud, and (3) Qiao Xing's stock dropped at the end of the Class Period because of news unrelated to the Restatement, including news of Qiao Xing's current results and future projections.

Such difficulties could lead to dismissal at the pleading stage, on summary judgment, at trial, or on appeal. If any of these risks occurred, it is likely that the Settlement Class would recover significantly less than is being recovered under the terms of the Settlement, or even nothing. It should also be noted that this case would prove extremely difficult to litigate, because most of the relevant documents are written in Chinese and are located in the People's Republic of China ("China"), and all of the relevant witnesses are likely Chinese-speaking and located in China. Translation would be difficult, time-consuming, and expensive. In any event, litigation of the Action could continue for years.

Furthermore, even if Lead Plaintiff were to prevail legally, it may prove difficult to collect any judgment from Qiao Xing, a company headquartered in China that does no substantial business, and has no assets, in the United States.

Defendants deny that they misled investors during the Class Period and have entered into the settlement solely in order to eliminate the burden and expense of further litigation and in recognition of the risk of an adverse outcome that is inherent in any complex litigation.

Based upon Lead Counsel's investigation, consultation with financial and accounting experts, and negotiations with counsel for Defendants, Lead Plaintiff has concluded that the terms and conditions of the Stipulation of Settlement ("Stipulation") filed with the Court on February 25, 2008, are fair, reasonable, and adequate to Lead Plaintiff and the Settlement Class, and in their best interests, and has agreed to settle the Action pursuant to the terms and provisions of the Stipulation after considering the benefits that Lead Plaintiff and the Settlement Class Members will receive from settlement of the Action, the attendant risks, the uncertainties, and the expense and time-consuming nature of continuing the litigation.

## **WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION…………………………………………………………..PAGE __**
1. Why did I receive this Notice Package?
2. Why is the Action a class action?
3. Why is there a Settlement?
4. How do I know if I am a Settlement Class Member?
5. Are there exceptions to being included?
6. I am still not sure if I am included.
7. What does the Settlement of the Class Action provide?
8. How much will my payment be?
9. How will the Net Settlement Fund be allocated?
10. How can I receive a payment pursuant to the Settlement?
11. When will I get my payment?
12. What am I releasing to receive a payment in this Settlement?
13. How do I exclude myself from the Settlement?
14. If I do not exclude myself, can I sue Defendants or the Released Parties for the same thing later?
15. Do I have a lawyer in the Action?
16. How will Lead Counsel be paid?
17. How do I tell the Court that I do not like the Settlement?
18. What is the difference between objecting and excluding?
19. When and where will the Court decide whether to approve the Settlement, the Plan of Allocation, and the Request for Attorneys' Fees and Reimbursement of Expenses?
20. Do I have to come to the Fairness Hearing?
21. May I speak at the Fairness Hearing?
22. What will happen if I do nothing at all?
23. Are there more details about the Settlement?
24. How do I get more information?

**SPECIAL NOTICE TO SECURITIES
 BROKERS AND OTHER NOMINEES……………………………………….PAGE __**

## BASIC INFORMATION

| 1. Why did I receive this Notice Package? |
|---|

The Court authorized this Notice and Proof of Claim and Release (the "Notice Package") to be sent to you because you or someone in your family may have purchased shares of Qiao Xing common stock, or traded in Qiao Xing options, between June 30, 2004 and July 16, 2007, both dates inclusive. If this description applies to you or someone in your family, you have a right to know about the proposed Settlement, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement and after objections and appeals, if any, are resolved, an administrator appointed by the Court will distribute the payments to Settlement Class Members who submitted valid claims.

This Notice Package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The sending of this Notice Package is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in the Action or the fairness or adequacy of the proposed Settlement.

| 2. Why is the Action a class action? |
|---|

This Action is a "class action" because Lead Plaintiff sued on behalf of other people and entities that purchased Qiao Xing common stock or traded in Qiao Xing options during the Class Period who had similar claims. Collectively, all these people comprise the Settlement Class and are Settlement Class Members. The Court will resolve the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 3. Why is there a Settlement? |
|---|

The Court did not ultimately decide in favor of either Lead Plaintiff and the Settlement Class or Defendants. Instead, the parties agreed to the Settlement. That way, they avoid the risks, costs, and delay of a trial, and the people affected will receive compensation. Lead Plaintiff and Lead Counsel believe the Settlement is in the best interests of all Settlement Class Members.

Accordingly, Lead Plaintiff and Defendants have entered into the Settlement. Under this Settlement, a fund was established to provide compensation to Settlement Class Members. How the proceeds obtained under the Settlement will be distributed is discussed below.

| 4. | How do I know if I am a Settlement Class Member? |

Under the Settlement, and subject to the exceptions explained below, the persons who are Settlement Class Members are: all persons and entities who 1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive; 2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007, both dates inclusive; and/or 3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007, both dates inclusive.

| 5. | Are there exceptions to being included? |

People who are automatically excluded from the Settlement Class are: Defendants, Qiao Xing (including its present and past subsidiaries, parents, successors, and predecessors), Qiao Xing's present and past officers and directors, agents, employees, consultants, including members of their immediate families, and their legal representatives, heirs, successors or assigns, affiliates, and any entity in which any one of them has or had a controlling interest, or which is related to or affiliated with any of the foregoing.

If one of your mutual funds owns shares of Qiao Xing common stock or options, that alone does not make you a Settlement Class Member. Similarly, if you sold Qiao Xing common stock or call options during the Class Period, or purchased put options during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you 1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007; 2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007; and/or 3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007. Contact your broker to see if you hold or have held Qiao Xing common stock, or traded in Qiao Xing options.

| 6. | I am still not sure if I am included. |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by telephone at _____, by fax at (561) 651-7788, by accessing www.qiaoxingsecuritessettlement.com, or you can fill out and return the claim form below to see if you qualify.

| 7. | What does the Settlement of the Class Action provide? |

Defendants have agreed to create a Gross Settlement Fund of $2,400,000 for the benefit of Settlement Class Members. The balance of the fund, plus accrued interest, after deduction of taxes, administration costs (including the costs of publishing this notice) and Court-awarded attorneys' fees and expenses, will be allocated proportionately among all Settlement Class Members who send in a valid Proof of Claim and Release form ("Proof of Claim").

| 8. | How much will my payment be? |
|---|---|

If you are entitled to a payment, your proportionate share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members submit, how many shares of Qiao Xing common stock you bought or how many Qiao Xing options you bought or sold, and when you made such transactions. The proposed plan of allocation of Net Settlement Fund to the Settlement Class (the "Plan of Allocation") is set forth below.

For each Settlement Class Member that submits a valid Proof of Claim (an "Authorized Claimant"), the Claims Administrator will determine the Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon that Authorized Claimant's "Recognized Loss." The Recognized Loss is not intended to be an estimate of the amount a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, it is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants, and will be computed in accordance with the Plan of Allocation.

It is unlikely that you will receive a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their claim forms, the payment you receive will reflect your Recognized Loss in relation to the total of all Authorized Claimants' Recognized Losses. Generally, those who bought more shares and have a larger Recognized Loss will get more money, and those who bought fewer shares and have a smaller Recognized Loss will get less. The number of claimants who send in claims varies widely from case to case.

The Plan of Allocation reflects the risk of pleading and proving the appropriate culpability against Defendants, which lessens for claims on trades made after April 17, 2007, when Defendants revealed, through QXM's IPO, the financial problems that became the subject of the Restatement. Lead Counsel estimates that, due to such risks, claims for Qiao Xing securities traded between April 17, 2007 and July 16, 2007 are at least twice as strong as claims for Qiao Xing securities traded between June 30, 2004 and April 16, 2007. Therefore, under the Plan of Allocation, Settlement Class members who traded applicable Qiao Xing securities between April 17, 2007 and July 16, 2007 will receive a greater *pro rata* share of the Net Settlement Fund than Settlement Class Members who traded applicable Qiao Xing securities between June 30, 2004 and April 16, 2007.

**A.** **Common Stock Purchases**

1. An Authorized Claimant shall have no Recognized Loss for any shares of Qiao Xing common stock purchased during the Class Period that were not owned as of the close of trading on July 16, 2007.

2. An Authorized Claimant shall have no Recognized Loss for any shares of Qiao Xing common stock purchased during the Class Period that were purchased at a price below $11.04.

3.     For Qiao Xing common stock <u>purchased between June 30, 2004 and April 16, 2007</u>:

    a.     For common stock purchased between June 30, 2004 and April 16, 2007 at or above $11.04 and owned as of the close of trading on July 16, 2007, and sold between July 17, 2007 and October 14, 2007 an Authorized Claimant's Recognized Loss shall be the lesser of: (i) the difference, if a loss, between (x) the amount paid for the common stock; and (y) the average price of the stock between July 17, 2007 and the date of sale; or (ii) $0.09 per share.

    b.     For common stock purchased between June 30, 2004 and April 16, 2007 at or above $11.04 and owned as of the close of trading on October 14, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of (i) the purchase price minus $11.04; or (ii) $0.09.

4.     For Qiao Xing common stock <u>purchased between April 17, 2007 and July 16, 2007</u>:

    a.     For common stock purchased between April 17, 2007 and July 16, 2007 at or above $11.04 and owned as of the close of trading on July 16, 2007, and sold between July 17, 2007 and October 14, 2007 an Authorized Claimant's Recognized Loss shall be the lesser of: (i) the difference, if a loss, between (x) the amount paid for the common stock; and (y) the average price of the stock between July 17, 2007 and the date of sale; or (ii) $0.19 per share.

    b.     For common stock purchased between April 17, 2007 and July 16, 2007 at or above $11.04 and owned as of the close of trading on October 14, 2004, an Authorized Claimant's Recognized Loss shall be the lesser of (i) the purchase price minus $11.04; or (ii) $0.19.

**B.**     **<u>Call Option Purchases</u>**

1.     An Authorized Claimant shall have no Recognized Loss for any Qiao Xing call options purchased during the Class Period that were not owned as of the close of trading on July 16, 2007.

2.     An Authorized Claimant shall have no Recognized Loss based on a sale or writing of any call option that was subsequently repurchased before July 17, 2007.

3.     Shares of Qiao Xing acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Loss arising from such transaction shall be computed as provided for other purchases of common stock.

4.  For call options <u>purchased between June 30, 2004 and April 16, 2007</u> and owned as of the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of (a) 50%[2] of the difference, if a loss, between (x) the amount paid for the call options, and (y) the sum for which said call options were subsequently sold at a loss (or $0.00 if the call option expired while still owned by the Authorized Claimant), or (b) $0.045 per share covered by such call options (i.e., 50% of the $0.09 maximum per common share claim for this loss).

5.  For call options <u>purchased between April 17, 2007 and July 16, 2007</u> and owned as of the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of (a) 50%[3] of the difference, if a loss, between (x) the amount paid for the call options, and (y) the sum for which said call options were subsequently sold at a loss (or $0.00 if the call option expired while still owned by the Authorized Claimant), or (b) $0.095 per share covered by such call options (i.e., 50% of the $0.19 maximum per common share claim for this loss).

**C.    Put Option Sales**

1.  For Qiao Xing put options sold (written) during the Class Period that expired unexercised, an Authorized Claimant's Recognized Loss shall be $0.00.

2.  An Authorized Claimant shall have no Recognized Loss for Qiao Xing put options sold (written) during the Class Period which were not the obligation of the Authorized Claimant as of the close of trading on July 16, 2007.

3.  An Authorized Claimant shall have no Recognized Loss based on a sale of any put option that was subsequently repurchased before July 17, 2007.

4.  For Qiao Xing put options written during the Class Period that were "put" to the Authorized Claimant (i.e., exercised), the Authorized Claimant's Recognized Loss shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Qiao Xing common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option.

5.  For put options <u>sold (written) between June 30, 2004 and April 16, 2007</u> that were the obligation of the Authorized Claimant at the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of (a) the difference, if a loss, between (x) the amount received for writing the put; and (y) the sum for which said put options were repurchased at a loss after the close of trading on July 16, 2007; or (b) $0.09 per share covered by such put options.

---

[2] This discount reflects the fact that a purchase of a call option includes the payment of a time premium.

[3] This discount reflects the fact that a purchase of a call option includes the payment of a time premium.

6. For put options <u>sold (written) between April 17, 2007 and July 16, 2007</u> that were the obligation of the Authorized Claimant at the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of (a) the difference, if a loss, between (x) the amount received for writing the put option; and (y) the sum for which said put options were repurchased at a loss after the close of trading on July 16, 2007; or (b) $0.19 per share covered by such put options.

**D.    General Provisions:**

1. The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date.

2. In processing claims, the last-in, first-out basis ("LIFO") will be applied to both purchases and sales. Under LIFO, each Claimant must provide the number of shares purchased during the Class Period, the date of each such purchase, and the price paid; and the number of shares sold during the Class Period and the date of each such sale, and the price received. Sales of eligible shares or options will be matched in reverse chronological order against purchases during the Class Period, in which case any gains will be omitted in calculating the eligible amount of each Claim.

3. The covering purchase of a short sale is not an eligible purchase.

4. Brokerage commissions, fees, and taxes should be excluded in the purchase and sale prices of Qiao Xing common stock or options.

5. Where shares were purchased/sold by reason of having exercised an option, the premium should be incorporated into the price accordingly.

6. Gains will be omitted to determine the Recognized Loss of each Authorized Claimant.

7. No cash payment will be made on a claim where the distribution amount is $10 or less.

8. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

9. No person shall have any claim against Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel, based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court. In addition, no person shall have any claim against Defendants, Released Parties, or Defendants' Counsel with respect to the management, investment or distribution of the Net Settlement Fund.

10. Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all

Authorized Claimants.

11. Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Settlement Class Members who neither submit a request for exclusion nor submit an acceptable Proof of Claim will nevertheless be bound by the Settlement and the Final Approval Order and Judgment of the Court dismissing this Action.

| 9. | How can I receive a payment pursuant to the Settlement? |

To qualify for a payment in the Action, you must send in a Proof of Claim. A Proof of Claim accompanies this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked **no later than _____, 2008.**

| 10. | When will I get my payment? |

The Court will hold the Fairness Hearing **on _____, 2008,** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all of the submitted Proofs of Claim to be processed. When this is completed and the Court approves Lead Plaintiff's request for distribution of the Net Settlement Fund to the Authorized Claimants, payments will be mailed out in accordance with the Court's order.

| 11. | What am I releasing to receive a payment in this Settlement? |

If you are a Settlement Class Member, unless you exclude yourself, you are remaining in the Action, which means that, if the Settlement is approved, you will release all "Released Claims" (as defined below) against Defendants and the "Released Parties" (as defined below).

"Released Claims" means any and all known and unknown claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, arising out of, based upon or related in any way to any of the following: (i) the allegations made in the Action (including the Related Actions) against any of the Released Parties, (ii) the allegations that could have been made in any forum by the Settlement Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any of the complaints in the Action or that involve in any way events that actually or purportedly occurred during the Class Period, (iii) the purchase, sale or other disposition of Qiao Xing securities by any of the Released Parties, the Lead Plaintiff or any of the Settlement Class Members during the Class Period, or (iv) the settlement or resolution of the Action

14

(including without limitation, any claim for attorneys' fees by the Lead Plaintiff or Settlement Class Members). Released Claims expressly includes Unknown Claims.

"Unknown Claims" means any and all Released Claims which Lead Plaintiff and/or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that involve in any way events that actually or purportedly occurred during the Class Period, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, federal law, foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement. Lead Plaintiff and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff intends, and Settlement Class Members are deemed to have intended for the release of the Released Claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and for it to extend to Unknown Claims. The release of the Released Claims is intended to be a full and binding release of all Released Claims, including Unknown Claims, and shall be construed broadly to effect that purpose.

"Released Parties" means any and all present and former employees, officers and directors of Qiao Xing, including, without limitation, Defendants, and all of the persons named as defendants in the Action (including the Related Actions) at any time, and Qiao Xing, Grobstein, Horwath & Company LLP, and all of their respective past or present subsidiaries, parents, successors and predecessors, agents, attorneys, advisors (including American Appraisal Inc.), insurers, investment advisors, auditors, accountants, assigns, spouses, any member of their immediate family, or any trust which is for the benefit of any of them and/or member(s) of their immediate family and the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

> 12. How do I exclude myself from the Settlement?

You can exclude yourself from the Settlement. If you are a Settlement Class Member and you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue any of the Defendants or the Released Parties on your own over the claims, known or unknown, being released in this Settlement, then you **must** take steps to exclude yourself from the Settlement. This is referred to as "opting out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter by first class U.S. mail, postage prepaid, stating that you wish to be excluded from the Qiao Xing Corporation Securities Class Action. Your letter should include the date(s), price(s), and number(s) of shares of all purchases and sales of Qiao Xing common stock or options during the Class Period. In addition, be sure to sign the letter, and to include your name, address, and telephone number in the letter. **No request for exclusion will be considered valid unless all of this information is included in the request.**

You must mail your exclusion request postmarked **no later than _____, 2008** to the Claims Administrator at:

> Qiao Xing Securities Litigation Exclusions
> Complete Claim Solutions, LLC
> P.O. Box _____
> West Palm Beach, FL 33416

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

> 13. If I do not exclude myself, can I sue Defendants or the Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants or the Released Parties for the claims being released pursuant to this Settlement. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class to continue your own lawsuit. **Remember, the exclusion deadline is _____, 2008.**

> 14. Do I have a lawyer in the Action?

The Court ordered that Lead Counsel, Murray, Frank & Sailer LLP, represent you and the other Settlement Class Members in the Action. You will not be charged for the work done by Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. How will Lead Counsel be paid? |
|---|

Lead Counsel has yet to be compensated for legal services rendered. Lead Counsel is asking the Court to award attorneys' fees from the Gross Settlement Fund in an amount not greater than twenty percent (20%) of the Gross Settlement Fund and for reimbursement of expenses up to a maximum amount of $100,000, which combined amounts to approximately $0.035 per share. Lead Counsel, without further notice to the Settlement Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to Settlement Class Members and any proceedings subsequent to the Settlement Fairness Hearing.

| 16. How do I tell the Court that I do not like the Settlement? |
|---|

If you are a Settlement Class Member, you can tell the Court that you do not agree with any part of the Settlement, the Plan of Allocation, or the Request for Attorneys' Fees and Reimbursement of Expenses. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. If the Court rejects or modifies the Plan of Allocation and/or the amount of attorneys' fees or expenses requested, the Court may still approve the Settlement.

If you object to the Settlement, you may submit a letter stating your objection. Be sure to include the date(s), price(s), and number(s) of shares of all purchases and sales of Qiao Xing common stock and/or options during the Class Period. In addition, be sure to sign the letter, and include your name, address, and telephone number in the letter. This letter should be sent by first class U.S. mail, postage prepaid, and postmarked **no later than _____, 2008**, to all of the following:

| COURT | LEAD COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Brian Murray, Esq.<br>**Murray, Frank<br>  & Sailer LLP**<br>275 Madison Avenue<br>Suite 801<br>New York, NY 10016<br>Tel. (212) 682-1818 | Jack C. Auspitz, Esq.<br>Joel C. Haims, Esq.<br>**Morrison & Foerster LLP**<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Tel. (212) 468-8000<br><br>Lawrence Steckman, Esq.<br>**Lester Schwab Katz<br>  & Dywer, LLP**<br>120 Broadway<br>New York, NY 10271<br>Tel. (212) 964-6611 |

17. What is the difference between objecting and excluding?

*Objecting* is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, or the Request for Attorneys' Fees and Reimbursement of Expenses. You can object only if you stay in the Settlement Class. *Excluding* yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Action no longer affects you, and you are *not* releasing any claims which you may have.

18. When and where will the Court decide whether to approve the Settlement, the Plan of Allocation, and the Request for Attorneys' Fees and Reimbursement of Expenses?

The Court will hold the Fairness Hearing on _____, 2008 at \_\_\_\_\_ \_\_.m, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 11B, New York, New York. At the Fairness Hearing, the Court will consider: (a) whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement described in the Stipulation are fair, reasonable, and adequate, and in the best interests of the Settlement Class; (c) whether to approve the Plan of Allocation; (d) whether to enter the Final Approval Order and Judgment as provided under the Stipulation; (e) whether to approve the application of Lead Counsel for an award of attorneys' fees and expenses; and (f) such other matters as the Court may deem appropriate. If there are objections, the Court will consider them. At or after the Fairness Hearing, the Court will decide whether to approve the Settlement.

19. Do I have to come to the Fairness Hearing?

No. Lead Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

20. May I speak at the Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Qiao Xing Securities Litigation*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked **no later than \_\_\_\_\_, 2008,** and be sent to the Clerk of Court and to Lead Counsel, at the addresses provided in paragraph 17 above. You cannot speak at the Fairness Hearing if you excluded yourself.

21. What will happen if I do nothing at all?

If you are a Settlement Class Member and you do not exclude yourself or timely file a

18

Proof of Claim, you will receive no money from the Settlement. You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Defendants or the Released Parties about the claims being released in this Action.

| 22. Are there more details about the Settlement? |
|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation by writing to Brian Murray, Esq., Murray, Frank & Sailer LLP, 275 Madison Avenue, Suite 801, New York, New York 10016. The Stipulation is also available at www.murrayfrank.com.

You also can contact the Claims Administrator by toll-free phone at _____, by fax at (561) 651-7788; by mail at Qiao Xing Securities Litigation, c/o Complete Claim Solutions, LLC, P.O. Box. _____, West Palm Beach, FL 33416; or through the website www.qiaoxingsecuritiessettlement.com.

| 23. How do I get more information? |
|---|

Visit Lead Counsel's website, www.murrayfrank.com, for even more detailed information concerning the matters involved in this Action and to review the pleadings, the Stipulation, the Orders entered by the Court and the other papers filed in the Action. These papers may also be inspected at the Office of the Clerk of Court for the United States District Court for the Southern District of New York, Room 260, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007 during regular business hours.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased Qiao Xing common stock or traded in Qiao Xing options between June 30, 2004 and July 16, 2007, both dates inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or for which you purchased such stock or options during such time period, preferably on computer-generated mailing labels or electronically in MS Word or WordPerfect files (label size Avery® #5160) or in an MS Excel data table setting forth (i) title/registration, (ii) street address, (iii) city/state/zip, or, in the alternative, (b) request additional copies of this Notice Package, which will be provided to you free of charge, and within seven (7) days mail the Notice Package directly to the beneficial owners of the common stock or options referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Net Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after the request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Qiao Xing Securities Litigation
Complete Claim Solutions, LLC
P.O. Box _____
West Palm Beach, FL 33416

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF COURT OR THE COURT REGARDING THIS NOTICE.**

Dated: _____, 2008

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK