## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE QIAO XING
SECURITIES LITIGATION

MASTER FILE
07-CIV-7097 (DLC)

## AFFIDAVIT OF CHARLENE YOUNG

RE: A) NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND PROOF OF CLAIM AND RELEASE AND B) PUBLICATION OF THE
SUMMARY NOTICE

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF PALM BEACH  )

Charlene Young, being duly sworn, deposes and states that:

1.      I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with the information regarding the mailing of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release (collectively the "Notice Packet") and the publication of the Summary Notice. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I am the Notice and Administration Manager for Complete Claim Solutions, LLC ("CCS"). CCS was retained as the Claims Administrator to assist in the process of providing a Notice Packet to the potential members of the Class in this Action. Specifically, CCS was retained to cause the Notice Packet to be printed and thereafter mailed to potential members of the Class in this Action. A copy of the printed Notice Packet is attached hereto as Exhibit 1.

3.      On or about April 2, 2008, CCS received from Plaintiff's Lead Counsel, a list consisting of registered shareholders of Qiao Xing Universal Telephone, Inc during the Class Period. The list contained names and addresses, which comprised a total of 82 shareholders of record. CCS entered

the data into a segregated database (the "CCS Mailing Database") to be used for mailing Notice Packets to Class members.

4.      In addition, CCS maintains a database (the "Broker Database") of 2,157 brokerage firms, banks and other financial institutions as published by Securities Dealers of North America, and Depository Trust Company ("DTC") participant members to be used in notifying record holders of settlements.

5.      Pursuant to ¶ 8 of the Preliminary Order For Notice and Hearing In Connection With Settlement Proceedings dated, April 2, 2008 ("Order"), CCS caused the Notice Packet to be printed and sent to the 82 potential Class members in the CCS Mailing Database referred to in ¶ 3, above, and the 2,157 brokers and other nominees, as referred to in ¶ 4, above. In the aggregate, CCS mailed 2,239 Notice Packets on April 11, 2008.

6.      Pursuant to ¶ 8 of the Order, CCS caused the Summary Notice to be published over PR NEWSWIRE on April 25, 2008. A copy of the Summary Notice is attached hereto as Exhibit 2.

7.      As of June 26, 2008, the United States Postal Service ("USPS") returned 641 Notices as undeliverable without forwarding addresses. Of these, CCS was able to locate 279 new addresses through Accurint, an information supplier to which CCS subscribes, and CCS promptly mailed the Notice Packet to the potential Class members at these updated addresses. Additionally, the USPS returned 81 Notice Packets with forwarding addresses.

8.      CCS set up a toll-free number for all verbal communications necessary to the administration of the Notice Packet. The Notice Packet and the Summery Notice designate the toll-free number. As of June 26, 2008, CCS has received 241 telephone calls.

9.      On April 11, 2008, a static website was established at the domain www.qiaoxingsecuritiessettlement.com to enable potential Class members to get complete information about the proposed settlement. Documents that were available for viewing as downloadable Adobe® Acrobat® Reader® PDF files included the Notice of Pendency and Proposed

Settlement of Class Action, Proof of Claim and Release, Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings, and Stipulation of Settlement. As of June 26, 2008 there have been 643 visitors to the website.

10.    CCS leases and maintains a Post Office Box for the receipt of all written communications necessary to the administration of the Settlement. The Notice Packet and the Summary Notice designates this Post Office Box as the return address for the selected purposes.

11.    CCS has acted as a repository for other inquiries and communications received in this Action. In this regard, CCS received requests from brokers and nominees (institutions filing on behalf of their customers) to either send the Notice Packet to them for distribution to those of their customers with relevant holdings, or to send the Notice Packet to such customers whose identifying information they sent to CCS. Through June 26, 2008, as a result of requests from 54 brokers and other nominees, an additional 43,103 Notice Packets were forwarded to potential Class members, directly or indirectly. An additional four (4) institutions informed CCS that they have no holders of record. Furthermore, CCS was contacted by two (2) institutions who informed CCS that they printed and mailed copies of the Notice Packet to their clients on their own accord. A schedule of brokers and other nominees, who have responded with bulk requests, labels, or lists is attached hereto as Exhibit 3. As of June 26, 2008, CCS has received 14 additional requests from potential Class members, which CCS has promptly mailed to.

12.    Through June 26, 2008, as a result of the efforts outlined in ¶¶ 3 through 11, above, in the aggregate 45,716 Notice Packets have been mailed.

13.    All Proof of Claim and Release forms must be returned to the Claims Administrator postmarked not later than July 21, 2008. As of June 26, 2008, CCS has received 1,445 Proof of Claim and Release forms.

14.    Exclusion requests were to be received by the Claims Administrator postmarked no later than June 16, 2008. As of June 26, 2008, CCS has not received any.

15.    Objections were to be filed with the Court and served upon lead counsel and postmarked no later than June 20, 2008.  As of June 26, 2008, CCS has not received any.

16.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Charlene Young

Sworn to before me on

this 27th day of June, 2008.



Notary Public

ERIC P. LACHANCE
MY COMMISSION # DD 490949
EXPIRES: November 25, 2009
Bonded Thru Notary Public Underwriters

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE QIAO XING<br>SECURITIES LITIGATION | MASTER FILE<br>07-CIV-7097 (DLC) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**IF YOU BOUGHT COMMON STOCK OR TRADED IN OPTIONS OF QIAO XING UNIVERSAL TELEPHONE, INC.  ("QIAO XING" OR THE "COMPANY") ON THE NASDAQ GLOBAL SELECT MARKET BETWEEN JUNE 30, 2004 AND JULY 16, 2007, INCLUSIVE, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM THIS PROPOSED CLASS ACTION SETTLEMENT (THE "SETTLEMENT").**

**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION FROM A LAWYER.**

- This Notice concerns the proposed settlement of claims asserted by lead plaintiff ("Lead Plaintiff") in this consolidated class action (the "Action") against defendants Qiao Xing, Rui Lin Wu, Albert Leung, Zhi Yang Wu, Sonny Kwok Wing Hung, Ze Yun Mu, Yi Hong Zhang (the "Qiao Xing Defendants"), and Qiao Xing's auditor Grobstein, Horwath & Company LLP (with the Qiao Xing Defendants, collectively, "Defendants"). The Action was instituted in the United States District Court for the Southern District of New York on behalf of persons allegedly damaged by Defendants' alleged violations of the federal securities laws.

- The Settlement will result in a payment of $2,400,000, plus accrued interest but minus attorneys' fees, costs, and other expenses, for the benefit of investors who (1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive (the "Class Period"), (2) purchased Qiao Xing call options during the Class Period, and/or (3) sold Qiao Xing put options during the Class Period, and who suffered a loss (the "Settlement Class;" members of the Settlement Class are "Settlement Class Members").  The recovery is explained in greater detail below.

- You are hereby notified that a hearing (the "Fairness Hearing") will be held before the Honorable Denise Cote, United States District Judge, United States District Court for the Southern District of New York (the "Court"), on July 11, 2008, to determine whether the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, along with other items addressed herein.

- Your legal rights will be affected whether you act or do not act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| WHAT YOUR<br>OPTIONS ARE | WHAT YOU MUST<br>DO FOR EACH OPTION | DATE BY WHICH<br>YOU MUST ACT |
|---|---|---|
| SUBMIT A<br>CLAIM FORM | The only way to get a payment. | The deadline to submit a claim form is<br>July 21, 2008. |
| EXCLUDE<br>YOURSELF | You get no payment.  This is the only option that allows you to be part of any other lawsuit against the Defendants and other Released Parties about the legal claims in the Action. | The deadline to exclude yourself is<br>June 16, 2008. |
| OBJECT | Write to the Court about why you do not like the Settlement and Plan of Allocation, and/or the Request for Attorneys' Fees and Reimbursement of Expenses. | The deadline to object is<br>June 20, 2008. |
| GO TO THE<br>FAIRNESS HEARING | Ask to speak in Court about the fairness of the Settlement and Plan of Allocation, and/or the Request for Attorneys' Fees and Reimbursement of Expenses. | The Fairness Hearing will take place on<br>July 11, 2008, at 3:00 p.m. |
| DO NOTHING | You get no payment and you give up any rights. | N/A |

- These rights and options – and the deadlines by which to exercise them – are explained in this Notice.

- The Court has not yet certified this action as a class action or approved the Settlement.  Payments to the Settlement Class will be made if the Court certifies the Settlement Class and approves the Settlement, after appeals, if any, are resolved; and after the claims processing procedure is complete.

**Statement of Recovery:**

Lead Plaintiff has entered into an agreement to settle the Action, which will resolve the claims of the Lead Plaintiff and the Settlement Class against Defendants. The Settlement described herein will create a fund consisting of $2,400,000 in cash plus accrued interest (the "Gross Settlement Fund"). The Gross Settlement Fund will be used for the settlement of the Action, and the payment of taxes, administration costs (including the costs of notice and claims administration in the Action), and attorneys' fees and expenses. The cash remaining after the expenditures for administration costs, taxes, and attorneys' fees and expenses will be the "Net Settlement Fund."

Lead Plaintiff's financial expert calculated that approximately 17 million damaged shares of Qiao Xing common stock were traded on the NASDAQ Global Select Market during the Class Period. Assuming that all Settlement Class Members who held affected shares elect to participate in the Settlement, Lead Plaintiff estimates that the recovery would be approximately $0.14 per damaged share, and may be somewhat less depending on the number of options purchasers or sellers who file claims. Typically, not all eligible class members file claims.

The following factors will also affect the actual recovery per damaged share: (1) the number of claims filed; (2) when Settlement Class Members traded in the common stock or options during the Class Period; (3) administration costs, including the costs of notice; and (4) the amount awarded by the Court for attorneys' fees, costs, and expenses. Distributions to Settlement Class Members pursuant to the terms of the Settlement, upon approval by the Court, will be made based on a formula described below.

**Statement of Potential Outcome:**

Lead Plaintiff sued Defendants and others for alleged misstatements and other conduct related to Qiao Xing which were alleged to have occurred between 2004 and 2007. Defendants deny that they are liable to Lead Plaintiff or the Settlement Class in any respect and deny that Lead Plaintiff or the Settlement Class has suffered any damages.

Lead Plaintiff's financial expert estimates that, if Settlement Class Members were to prevail on the claims that remain in the proposed class action, the maximum recoverable damages would be $3.3 million. Thus, the $2,400,000 settlement amount represents approximately 73% of the maximum possible recovery.

Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail on each claim alleged. Defendants also deny that they misled investors or that they are liable in any respect to the Lead Plaintiff or the Settlement Class and deny that Lead Plaintiff or the Settlement Class have suffered any damages.

**Statement of Attorneys' Fees and Expenses Sought:**

Court-appointed lead counsel for the Lead Plaintiff, Murray, Frank & Sailer LLP ("Lead Counsel"), intends to apply to the Court for an award of attorneys' fees not to exceed 20% of the Gross Settlement Fund (including a *pro rata* share of accrued interest), and for reimbursement of reasonable costs and expenses necessarily incurred in bringing the Action, exclusive of settlement administration costs, in a total amount not to exceed $100,000. The requested fees and expenses, excluding administration costs, would amount to an average of $0.035 per damaged share. If the Settlement is approved, the costs of administering the Settlement will also be paid from the Gross Settlement Fund.

**Procedural History:**

On July 17, 2007, Qiao Xing announced that it was restating its financials for the years 2003, 2004, and 2005. As a result of this announcement, beginning on August 9, 2007, five proposed class actions were filed in the United States District Court for the Southern District of New York, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). These cases were assigned to the Honorable Denise Cote. In orders dated November 1, 2007, the Court: (1) consolidated the five actions (the "Related Actions") under the caption *In re Qiao Xing Securities Litigation*, No. 07 Civ. 7097 (DLC); (2) appointed PELO, a.s. as Lead Plaintiff in the Action; and (3) approved Lead Plaintiff's selection of Murray, Frank & Sailer LLP as Lead Counsel.

Thereafter, the Court ordered the parties to mediate the case before Magistrate Judge Henry Pitman. At a mediation held on January 10, 2008, the parties engaged in intensive negotiations. At the conclusion of the mediation, Judge Pitman recommended to the parties that the case settle for $2.4 million. Upon further consideration, the parties agreed to settle the case for that amount. The Court had previously ordered that Lead Plaintiff file its amended complaint on or before February 1, 2008. The Court was given notice of the Settlement on January 17, 2008, and as a result the amended complaint was not filed.

Before this case was preliminarily settled, Lead Counsel conducted a detailed factual and legal investigation of the claims asserted, assisted by an accounting expert, a damages expert, and three separate teams of investigators based both in the United States and abroad. Lead Plaintiff entered into the Settlement on the basis of that investigation.[1]

**Lead Plaintiff's Allegations[2]:**

During the Class Period, Qiao Xing filed Form 20-F Annual Reports ("Form 20-F") with the United States Securities and Exchange Commission ("SEC") for the fiscal years 2003, 2004, and 2005. Each Form 20-F detailed Qiao Xing's net income, net sales, and total assets for that fiscal year and previous fiscal years. Attached to the Forms 20-F were certifications provided by defendants Wu and/or Leung, pursuant to the Sarbanes-Oxley Act, which represented that the report "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make

---

[1] During the course of this investigation, and after consulting with an accounting expert, Lead Counsel determined that there were no sufficient factual bases to pursue claims against Qiao Xing's auditor Grobstein, Horwath & Company LLP. Had an amended complaint been filed, they would not have been named a defendant.

[2] While the Action was settled before an amended complaint was filed, the allegations below would have been included in such a complaint.

the statements made . . . not misleading . . . ." During the Class Period, Qiao Xing also filed several Form 14-A Proxy Statements with the SEC which provided similar information regarding Qiao Xing's net income, net sales, and total assets for fiscal years 2003, 2004, and/or 2005.

Qiao Xing was the owner of its subsidiary Qiao Xing Mobile ("QXM"). QXM, in turn, acquired a 90% share in CECT from 2003 to 2005. The value placed on CECT is reflected on QXM's balance sheet, and QXM's value is reflected on Qiao Xing's financial statements. An incorrect valuation of CECT will therefore have an effect on Qiao Xing's financial statements. Qiao Xing's financial statements during the Class Period were audited by Grobstein, Horwath & Company LLP, which certified that the financial statements in each Form 20-F "present[ed] fairly, in all material respects, the consolidated financial position of Qiao Xing Universal Telephone, Inc. and Subsidiaries," and that the financial statements were "in conformity with accounting principles generally accepted in the United States of America."

In May 2007, QXM conducted an initial public offering ("IPO"). QXM's registration statement, first filed on April 17, 2007, disclosed material weaknesses and significant deficiencies in QXM's internal control over financial reporting. The main material weakness primarily related to a lack of effective controls over the financial reporting process that contributed to the following individual material weaknesses: (1) ineffective controls over the accounting for the acquisition of QXM's initial 65% equity interest in CECT in 2003 and the additional 25% equity interest in 2005; (2) ineffective controls over the completeness, accuracy and presentation and disclosure of QXM's revenue from technical services and the sale of co-operative products; and (3) ineffective controls over the accuracy and presentation and disclosure of deferred taxes. This registration statement provided revised figures for QXM for revenue, net income, total assets, and net assets for the years 2004 and 2005.

On July 17, 2007, before the market opened, Qiao Xing announced that "it filed with [the] SEC a Form 20-F to release its 2006 annual report and to restate its financial data for the years 2005, 2004 and 2003" (the "Restatement"). The Restatement disclosed that the assumptions used to value CECT were being reassessed, in accordance with the disclosure made in QXM's registration statement. The Restatement further disclosed (1) the incorrect application of the provisions of EITF No. 99-19, "Reporting Revenue Gross as a Principal Versus Net as an Agent" and (2) the incorrect recognition of losses regarding an equity investment. The latter two matters are unrelated to the disclosures made in QXM's registration statement. As a result of the Restatement, Qiao Xing's net income dropped from $3.024 million to $187,000 (a 94% drop) in 2004, and from $32.874 million to $31.987 million in 2005 (a 1.5% drop), and the net loss in 2003 increased from $1.028 million to $3.175 million (a 310% increase).[3] The Restatement also impacted reported net sales and total assets.

Qiao Xing's July 17, 2007 announcement and 2006 Form 20-F also contained other negative news, unrelated to the Restatement, concerning Qiao Xing's current results and future projections. In response to this news, the price of Qiao Xing common stock closed at $11.04 per share on July 17, 2007, a 21% drop from the previous day's close of $13.97.

Based on the April 17, 2007 disclosure of accounting irregularities in QXM's first registration statement, Lead Plaintiff alleges that the Qiao Xing Defendants had full knowledge of the false financial statements from April 17, 2007 at the latest. One of the stated purposes of the IPO was to obtain funding so that QXM could repay loans to Qiao Xing. Lead Plaintiff alleges that because a restatement could jeopardize the amount of funding that could be obtained by the IPO, thereby putting the repayment in jeopardy, the Qiao Xing Defendants intentionally or recklessly delayed the issuance of the Restatement, with full knowledge of the falsity of its prior financial statements, until over two-and-a-half months after the IPO was completed.

Lead Plaintiff alleges that by publishing financial statements that both overvalued CECT and included other financial data that was the subject of the Restatement, Qiao Xing issued materially false and misleading statements to the investing public in 2003, 2004, and 2005, in violation of the Exchange Act, and that Qiao Xing Defendants had knowledge that these statements were false and misleading by April 17, 2007 at the latest. Lead Plaintiff alleges that these misstatements caused the price of Qiao Xing common stock to be artificially inflated, and had the market known of the true financial condition of Qiao Xing at that time, Lead Plaintiff and the other Settlement Class Members would not have traded their Qiao Xing securities during the Class Period at the artificially inflated prices at which they did, and would not have suffered losses when the inflation was removed from the stock. Hence, Lead Plaintiff alleges Settlement Class Members were damaged when the stock price dropped on July 17, 2007.

**Defendants' Position:**

Defendants have vigorously denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have vigorously denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the allegations above, including any and all claims of wrongdoing or liability alleged or asserted in the allegations above. Defendants state that they are agreeing to this Settlement solely because it will eliminate the substantial burden, expense and uncertainties of further litigation and the concomitant distraction of resources and efforts from their businesses.

**Reasons For The Settlement:**

Lead Counsel recommends the Settlement to the Settlement Class, based on its evaluation of the claims asserted, the evidence developed, and the damages that might be proven by the Settlement Class.

Lead Counsel has considered the inherent problems of proof under and possible defenses to the federal securities law violations asserted in the Action. These considerations include, in particular: (1) difficulties in alleging and proving that Defendants acted with the requisite culpability both before and after the IPO; and (2) difficulties in showing that the revelation of the alleged misconduct, and not other factors, caused a decline

---

[3]  These numbers reflect the July 17, 2007 RMB-to-U.S. Dollar conversion rate of 7.5651-to-1.

in Qiao Xing's stock price. Defendants would argue, both at the pleading stage and at summary judgment and/or trial, that (1) the Restatement was not material, because Qiao Xing's stock price did not drop on April 17, 2007, the date that the material weaknesses and revised financial results, including the valuation of CECT, discussed above, were first mentioned in QXM's registration statement; (2) the Restatement was due to a disagreement between accounting firms and was not the result of fraud; and (3) Qiao Xing's stock dropped at the end of the Class Period because of news unrelated to the Restatement, including news of Qiao Xing's current results and future projections.

Such difficulties could lead to dismissal at the pleading stage, on summary judgment, at trial, or on appeal. If any of these risks occurred, it is likely that the Settlement Class would recover significantly less than is being recovered under the terms of the Settlement, or even nothing. It should also be noted that this case would prove extremely difficult to litigate, because most of the relevant documents are written in Chinese and are located in the People's Republic of China ("China"), and many, if not all of the relevant witnesses are Chinese-speaking and located in China. Translation would be difficult, time-consuming, and expensive. In any event, litigation of the Action could continue for years.

Furthermore, even if Lead Plaintiff were to prevail legally, it may prove difficult to collect any judgment from Qiao Xing, a company headquartered in China that does no substantial business, and has no assets, in the United States.

Based upon Lead Counsel's investigation, consultation with financial and accounting experts, and negotiations with counsel for Defendants, Lead Plaintiff has concluded that the terms and conditions of the Stipulation of Settlement ("Stipulation") filed with the Court on February 25, 2008, are fair, reasonable, and adequate to Lead Plaintiff and the Settlement Class, and in their best interests, and has agreed to settle the Action pursuant to the terms and provisions of the Stipulation after considering the benefits that Lead Plaintiff and the Settlement Class Members will receive from settlement of the Action, the attendant risks, the uncertainties, and the expense and time-consuming nature of continuing the litigation.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................................................................................ PAGE 5

1.  Why did I receive this Notice Package? ........................................................................................... PAGE 5
2.  Why is the Action a class action? .................................................................................................... PAGE 5
3.  Why is there a Settlement? .............................................................................................................. PAGE 5
4.  How do I know if I am a Settlement Class Member? ....................................................................... PAGE 5
5.  Are there exceptions to being included? .......................................................................................... PAGE 5
6.  I am still not sure if I am included. .................................................................................................. PAGE 5
7.  What does the Settlement of the Class Action provide? ................................................................... PAGE 5
8.  How much will my payment be? ...................................................................................................... PAGE 6
9.  How can I receive a payment pursuant to the Settlement? ............................................................... PAGE 8
10. When will I get my payment? .......................................................................................................... PAGE 8
11. What am I releasing to receive a payment in this Settlement? ......................................................... PAGE 8
12. How do I exclude myself from the Settlement? ............................................................................... PAGE 9
13. If I do not exclude myself, can I sue Defendants or the Released Parties for the same thing later? ....... PAGE 9
14. Do I have a lawyer in the Action? ................................................................................................... PAGE 9
15. How will Lead Counsel be paid? ..................................................................................................... PAGE 9
16. How do I tell the Court that I do not like the Settlement? ............................................................... PAGE 9
17. What is the difference between objecting and excluding? ............................................................... PAGE 10
18. When and where will the Court decide whether to approve the Settlement, the Plan of Allocation,
    and the Request for Attorneys' Fees and Reimbursement of Expenses? .......................................... PAGE 10
19. Do I have to come to the Fairness Hearing? .................................................................................... PAGE 10
20. May I speak at the Fairness Hearing? .............................................................................................. PAGE 10
21. What will happen if I do nothing at all? ........................................................................................... PAGE 10
22. Are there more details about the Settlement? ................................................................................... PAGE 10
23. How do I get more information? ....................................................................................................... PAGE 10

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES** ................................................ PAGE 11

**BASIC INFORMATION**

**1.    Why did I receive this Notice Package?**

The Court authorized this Notice and Proof of Claim and Release (the "Notice Package") to be sent to you because you or someone in your family may have purchased shares of Qiao Xing common stock, or traded in Qiao Xing options, between June 30, 2004 and July 16, 2007, both dates inclusive. If this description applies to you or someone in your family, you have a right to know about the proposed Settlement, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement and after objections and appeals, if any, are resolved, an administrator appointed by the Court will distribute the payments to Settlement Class Members who submitted valid claims.

This Notice Package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The sending of this Notice Package is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in the Action or the fairness or adequacy of the proposed Settlement.

**2.    Why is the Action a class action?**

This Action is a "class action" because Lead Plaintiff sued on behalf of other people and entities that purchased Qiao Xing common stock or traded in Qiao Xing options during the Class Period who had similar claims. Collectively, all these people comprise the Settlement Class and are Settlement Class Members. The Court will resolve the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**3.    Why is there a Settlement?**

The Court did not ultimately decide in favor of either Lead Plaintiff and the Settlement Class or Defendants. Instead, the parties agreed to the Settlement. That way, they avoid the risks, costs, and delay of a trial, and the people affected will receive compensation. Lead Plaintiff and Lead Counsel believe the Settlement is in the best interests of all Settlement Class Members.

Accordingly, Lead Plaintiff and Defendants have entered into the Settlement. Under this Settlement, a fund was established to provide compensation to Settlement Class Members. How the proceeds obtained under the Settlement will be distributed is discussed below.

**4.    How do I know if I am a Settlement Class Member?**

Under the Settlement, and subject to the exceptions explained below, the persons who are Settlement Class Members are: all persons and entities who (1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive; (2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007, both dates inclusive; and/or (3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007, both dates inclusive.

**5.    Are there exceptions to being included?**

People who are automatically excluded from the Settlement Class are: Defendants, Qiao Xing (including its present and past subsidiaries, parents, successors, and predecessors), Qiao Xing's present and past officers and directors, agents, employees, consultants, including members of their immediate families, and their legal representatives, heirs, successors or assigns, affiliates, and any entity in which any one of them has or had a controlling interest, or which is related to or affiliated with any of the foregoing.

If one of your mutual funds owns shares of Qiao Xing common stock or options, that alone does not make you a Settlement Class Member. Similarly, if you sold Qiao Xing common stock or call options during the Class Period, or purchased put options during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you: (1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007; (2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007; and/or (3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007. Contact your broker to see if you hold or have held Qiao Xing common stock, or traded in Qiao Xing options.

**6.    I am still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator by telephone at (877) 465-4886, by fax at (561) 651-7788, by accessing www.qiaoxingsecuritiessettlement.com, or you can fill out and return the claim form included with this Notice to see if you qualify.

**7.    What does the Settlement of the Class Action provide?**

Defendants have agreed to create a Gross Settlement Fund of $2,400,000 for the benefit of Settlement Class Members. The balance of the fund, plus accrued interest, after deduction of taxes, administration costs (including the costs of publishing this Notice) and Court-awarded attorneys' fees and expenses, will be allocated proportionately among all Settlement Class Members who send in a valid Proof of Claim and Release form ("Proof of Claim").

**8.    How much will my payment be?**

If you are entitled to a payment, your proportionate share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members submit, how many shares of Qiao Xing common stock you bought or how many Qiao Xing options you bought or sold, and when you made such transactions. The proposed plan of allocation of the Net Settlement Fund to the Settlement Class (the "Plan of Allocation") is set forth below.

For each Settlement Class Member that submits a valid Proof of Claim (an "Authorized Claimant"), the Claims Administrator will determine the Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon that Authorized Claimant's "Recognized Loss." The Recognized Loss is not intended to be an estimate of the amount a Settlement Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, it is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants, and will be computed in accordance with the Plan of Allocation.

It is unlikely that you will receive a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their claim forms, the payment you receive will reflect your Recognized Loss in relation to the total of all Authorized Claimants' Recognized Losses. Generally, those who bought more shares and have a larger Recognized Loss will get more money, and those who bought fewer shares and have a smaller Recognized Loss will get less. The number of claimants who send in claims varies widely from case to case.

The Plan of Allocation reflects the risk of pleading and proving the appropriate culpability against Defendants. On April 17, 2007, the Qiao Xing Defendants revealed, through QXM's IPO, some of the financial problems that became the subject of the Restatement. For the reasons stated above, Plaintiff alleges that the Qiao Xing Defendants had full knowledge of the false financial statements by April 17, 2007 at the latest. As a result, Lead Counsel estimates that claims for Qiao Xing securities traded on or after April 17, 2007 are at least twice as strong as claims for Qiao Xing securities traded before April 17, 2007. Therefore, under the Plan of Allocation, Settlement Class Members who traded applicable Qiao Xing securities between April 17, 2007 and July 16, 2007 will receive a greater *pro rata* share of the Net Settlement Fund than Settlement Class Members who traded applicable Qiao Xing securities between June 30, 2004 and April 16, 2007.

The Recognized Loss for shares of common stock purchased on or after April 17, 2007 is $0.19 per share. This calculation reflects Lead Plaintiff's expert's estimate that while the Qiao Xing's stock price dropped $2.94 per share at the end of the Class Period, only 6.6% of that drop ($0.19), at most, was due to Defendants' alleged fraud. The Recognized Loss for shares of common stock purchased before April 17, 2007 is $0.09. This reflects the principle that, for the reasons discussed above, claims for Qiao Xing securities traded on or after April 17, 2007 have at least twice the value of claims for Qiao Xing securities traded before April 17, 2007.

**A.    Common Stock Purchases**

1.    An Authorized Claimant shall have no Recognized Loss for any shares of Qiao Xing common stock purchased during the Class Period that were not owned as of the close of trading on July 16, 2007.

2.    An Authorized Claimant shall have no Recognized Loss for any shares of Qiao Xing common stock purchased during the Class Period that were purchased at a price below $11.04.

3.    For Qiao Xing common stock purchased between June 30, 2004 and April 16, 2007:

    a.    For common stock purchased between June 30, 2004 and April 16, 2007 at or above $11.04 and owned as of the close of trading on July 16, 2007, and sold between July 17, 2007 and October 14, 2007 an Authorized Claimant's Recognized Loss shall be the lesser of: (i) the difference, if a loss, between (x) the amount paid for the common stock; and (y) the average price of the stock between July 17, 2007 and the date of sale; or (ii) $0.09 per share.

    b.    For common stock purchased between June 30, 2004 and April 16, 2007 at or above $11.04 and owned as of the close of trading on October 14, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of: (i) the purchase price minus $11.04; or (ii) $0.09 per share.

4.    For Qiao Xing common stock purchased between April 17, 2007 and July 16, 2007:

    a.    For common stock purchased between April 17, 2007 and July 16, 2007 at or above $11.04 and owned as of the close of trading on July 16, 2007, and sold between July 17, 2007 and October 14, 2007 an Authorized Claimant's Recognized Loss shall be the lesser of: (i) the difference, if a loss, between (x) the amount paid for the common stock; and (y) the average price of the stock between July 17, 2007 and the date of sale; or (ii) $0.19 per share.

    b.    For common stock purchased between April 17, 2007 and July 16, 2007 at or above $11.04 and owned as of the close of trading on October 14, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of: (i) the purchase price minus $11.04; or (ii) $0.19 per share.

**B.    Call Option Purchases**

1.    An Authorized Claimant shall have no Recognized Loss for any Qiao Xing call options purchased during the Class Period that were not owned as of the close of trading on July 16, 2007.

2.    An Authorized Claimant shall have no Recognized Loss based on a sale or writing of any call option that was subsequently repurchased before July 17, 2007.

3. Shares of Qiao Xing acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Loss arising from such transaction shall be computed as provided for other purchases of common stock.

4. For call options purchased between June 30, 2004 and April 16, 2007 and owned as of the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of: (a) 50%[4] of the difference, if a loss, between (x) the amount paid for the call options, and (y) the sum for which said call options were subsequently sold at a loss (or $0.00 if the call option expired while still owned by the Authorized Claimant); or (b) $0.045 per share covered by such call options (i.e., 50% of the $0.09 maximum per common share claim for this loss).

5. For call options purchased between April 17, 2007 and July 16, 2007 and owned as of the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of: (a) 50%[5] of the difference, if a loss, between (x) the amount paid for the call options, and (y) the sum for which said call options were subsequently sold at a loss (or $0.00 if the call option expired while still owned by the Authorized Claimant); or (b) $0.095 per share covered by such call options (i.e., 50% of the $0.19 maximum per common share claim for this loss).

## C. Put Option Sales

1. For Qiao Xing put options sold (written) during the Class Period that expired unexercised, an Authorized Claimant's Recognized Loss shall be $0.00.

2. An Authorized Claimant shall have no Recognized Loss for Qiao Xing put options sold (written) during the Class Period which were not the obligation of the Authorized Claimant as of the close of trading on July 16, 2007.

3. An Authorized Claimant shall have no Recognized Loss based on a sale of any put option that was subsequently repurchased before July 17, 2007.

4. For Qiao Xing put options written during the Class Period that were "put" to the Authorized Claimant (i.e., exercised), the Authorized Claimant's Recognized  Loss shall be calculated as a purchase of common stock as shown above, and as if the sale of the put option were instead a purchase of Qiao Xing common stock on the date of the sale of the put option, and the "purchase price paid" shall be the strike price less the proceeds received on the sale of the put option.

5. For put options sold (written) between June 30, 2004 and April 16, 2007 that were the obligation of the Authorized Claimant at the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put, and (y) the sum for which said put options were repurchased at a loss after the close of trading on July 16, 2007; or (b) $0.09 per share covered by such put options.

6. For put options sold (written) between April 17, 2007 and July 16, 2007 that were the obligation of the Authorized Claimant at the close of trading on July 16, 2007, an Authorized Claimant's Recognized Loss shall be the lesser of: (a) the difference, if a loss, between (x) the amount received for writing the put option, and (y) the sum for which said put options were repurchased at a loss after the close of trading on July 16, 2007; or (b) $0.19 per share covered by such put options.

## D. General Provisions

1. The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date.

2. In processing claims, the last-in, first-out basis ("LIFO") will be applied to both purchases and sales.  Under LIFO, each Claimant must provide the number of shares purchased during the Class Period, the date of each such purchase, and the price paid; and the number of shares sold during the Class Period and the date of each such sale, and the price received.  Sales of eligible shares or options will be matched in reverse chronological order against purchases during the Class Period, in which case any gains will be omitted in calculating the eligible amount of each Claim.

3. The covering purchase of a short sale is not an eligible purchase.

4. Brokerage commissions, fees, and taxes should be excluded in the purchase and sale prices of Qiao Xing common stock or options.

5. Where shares were purchased/sold by reason of having exercised an option, the premium should be incorporated into the price accordingly.

6. Gains will be omitted to determine the Recognized Loss of each Authorized Claimant.

7. No cash payment will be made on a claim where the distribution amount is $10 or less.

8. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

9. No person shall have any claim against Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel, based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.  In addition, no person shall have any claim against Defendants, Released Parties, or Defendants' Counsel with respect to the management, investment or distribution of the Net Settlement Fund.

---

[4]  This discount reflects the fact that a purchase of a call option includes the payment of a time premium.
[5]  This discount reflects the fact that a purchase of a call option includes the payment of a time premium.

10. Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

11. Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Settlement Class Members who neither submit a request for exclusion nor submit an acceptable Proof of Claim will nevertheless be bound by the Settlement and the Final Approval Order and Judgment of the Court dismissing this Action.

## 9.  How can I receive a payment pursuant to the Settlement?

To qualify for a payment in the Action, you must send in a Proof of Claim. A Proof of Claim accompanies this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked **not later than July 21, 2008.**

## 10.  When will I get my payment?

The Court will hold the Fairness Hearing **on July 11, 2008,** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain when these appeals will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all of the submitted Proofs of Claim to be processed. When this is completed and the Court approves Lead Plaintiff's request for distribution of the Net Settlement Fund to the Authorized Claimants, payments will be mailed out in accordance with the Court's order.

## 11.  What am I releasing to receive a payment in this Settlement?

If you are a Settlement Class Member, unless you exclude yourself, you are remaining in the Action, which means that, if the Settlement is approved, you will release all "Released Claims" (as defined below) against Defendants and the "Released Parties" (as defined below).

"Released Claims" means any and all known and unknown claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, arising out of, based upon or related in any way to any of the following: (i) the allegations made in the Action (including the Related Actions) against any of the Released Parties; (ii) the allegations that could have been made in any forum by the Settlement Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any of the complaints in the Action or that involve in any way events that actually or purportedly occurred during the Class Period; (iii) the purchase, sale or other disposition of Qiao Xing securities by any of the Released Parties, the Lead Plaintiff or any of the Settlement Class Members during the Class Period; or (iv) the settlement or resolution of the Action (including without limitation, any claim for attorneys' fees by the Lead Plaintiff or Settlement Class Members). Released Claims expressly includes Unknown Claims.

"Unknown Claims" means any and all Released Claims which Lead Plaintiff and/or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that involve in any way events that actually or purportedly occurred during the Class Period, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, federal law, foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement. Lead Plaintiff and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff intends, and Settlement Class Members are deemed to have intended for the release of the Released Claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and for it to extend to Unknown Claims. The release of the Released Claims is intended to be a full and binding release of all Released Claims, including Unknown Claims, and shall be construed broadly to effect that purpose.

"Released Parties" means any and all present and former employees, officers and directors of Qiao Xing, including, without limitation, Defendants, and all of the persons named as defendants in the Action (including the Related Actions) at any time, and Qiao Xing, Grobstein, Horwath & Company LLP, and all of their respective past or present subsidiaries, parents, successors and predecessors, agents, attorneys, advisors (including American Appraisal Inc.), insurers, investment advisors, auditors, accountants, assigns, spouses, any member of their immediate family, or any trust which is for the benefit of any of them and/or member(s) of their immediate family and the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

**12.  How do I exclude myself from the Settlement?**

You can exclude yourself from the Settlement.  If you are a Settlement Class Member and you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue any of the Defendants or the Released Parties on your own over the claims, known or unknown, being released in this Settlement, then you **must** take steps to exclude yourself from the Settlement.  This is referred to as "opting out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter by first class U.S. mail, postage prepaid, stating that you wish to be excluded from the Qiao Xing Corporation Securities Class Action.  Your letter should include the date(s), price(s), and number(s) of shares of all purchases and sales of Qiao Xing common stock or options during the Class Period.  In addition, be sure to sign the letter, and to include your name, address, and telephone number in the letter.  **No request for exclusion will be considered valid unless all of this information is included in the request.**

You must mail your exclusion request postmarked **no later than June 16, 2008** to the Claims Administrator at:

Qiao Xing Securities Litigation Exclusions
c/o Complete Claim Solutions, LLC
P.O. Box 24795
West Palm Beach, FL 33416

You cannot exclude yourself by telephone or by e-mail.  If you properly exclude yourself, you will not get any Settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

**13.  If I do not exclude myself, can I sue Defendants or the Released Parties for the same thing later?**

No.  Unless you exclude yourself, you give up any rights to sue Defendants or the Released Parties for the claims being released pursuant to this Settlement.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class to continue your own lawsuit.  **Remember, the exclusion deadline is June 16, 2008.**

**14.  Do I have a lawyer in the Action?**

The Court ordered that Lead Counsel, Murray, Frank & Sailer LLP, represent you and the other Settlement Class Members in the Action.  Lead Counsel will be paid from the Settlement Fund if the Settlement is approved, so you will not be charged separately for the work done by Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.  How will Lead Counsel be paid?**

Lead Counsel has yet to be compensated for legal services rendered.  Lead Counsel is asking the Court to award attorneys' fees from the Gross Settlement Fund in an amount not greater than twenty percent (20%) of the Gross Settlement Fund and for reimbursement of expenses up to a maximum amount of $100,000, which combined amounts to approximately $0.035 per share.  Lead Counsel, without further notice to the Settlement Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to Settlement Class Members and any proceedings subsequent to the Settlement Fairness Hearing.

**16.  How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can tell the Court that you do not agree with any part of the Settlement, the Plan of Allocation, or the Request for Attorneys' Fees and Reimbursement of Expenses.  You can give reasons why you think the Court should not approve the Settlement.  The Court will consider your views.  If the Court rejects or modifies the Plan of Allocation and/or the amount of attorneys' fees or expenses requested, the Court may still approve the Settlement.

If you object to the Settlement, you may submit a letter stating your objection.  Be sure to include the date(s), price(s), and number(s) of shares of all purchases and sales of Qiao Xing common stock and/or options during the Class Period.  In addition, be sure to sign the letter, and include your name, address, and telephone number in the letter.   This letter should be sent by first class U.S. mail, postage prepaid, and postmarked **no later than June 20, 2008**, to all of the following:

| **COURT** | **LEAD COUNSEL** |
|---|---|
| Clerk of the Court | Brian Murray, Esq. |
| Daniel Patrick Moynihan | **Murray, Frank & Sailer LLP** |
| United States Courthouse | 275 Madison Avenue, Suite 801 |
| 500 Pearl Street | New York, NY 10016 |
| New York, NY 10007 | Tel. (212) 682-1818 |

**17.   What is the difference between objecting and excluding?**

*Objecting* is simply telling the Court that you do not like something about the Settlement, the Plan of Allocation, or the Request for Attorneys' Fees and Reimbursement of Expenses.  You can object only if you stay in the Settlement Class.  *Excluding* yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Action no longer affects you, and you are *not* releasing any claims which you may have.

**18.   When and where will the Court decide whether to approve the Settlement, the Plan of Allocation, and the Request for Attorneys' Fees and Reimbursement of Expenses?**

The Court will hold the Fairness Hearing on July 11, 2008 at 3:00 p.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 11B, New York, New York.  At the Fairness Hearing, the Court will consider: (a) whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement described in the Stipulation are fair, reasonable, and adequate, and in the best interests of the Settlement Class; (c) whether to approve the Plan of Allocation; (d) whether to enter the Final Approval Order and Judgment as provided under the Stipulation; (e) whether to approve the application of Lead Counsel for an award of attorneys' fees and expenses; and (f) such other matters as the Court may deem appropriate.  If there are objections, the Court will consider them.  At or after the Fairness Hearing, the Court will decide whether to approve the Settlement.

**19.   Do I have to come to the Fairness Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  You are, however, welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**20.   May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Qiao Xing Securities Litigation*."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked **no later than June 20, 2008,** and be sent to the Clerk of Court and to Lead Counsel, at the addresses provided in paragraph 16 above.  You cannot speak at the Fairness Hearing if you excluded yourself.

**21.   What will happen if I do nothing at all?**

If you are a Settlement Class Member and you do not exclude yourself or timely file a Proof of Claim, you will receive no money from the Settlement.  You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Defendants or the Released Parties to the extent it asserts Released Claims, as that term was defined above.

**22.   Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  You can get a copy of the Stipulation by writing to Brian Murray, Esq., Murray, Frank & Sailer LLP, 275 Madison Avenue, Suite 801, New York, New York 10016, or e-mailing him at bmurray@murrayfrank.com.  The Stipulation is also available at www.murrayfrank.com.

You also can contact the Claims Administrator by toll-free phone at (877) 465-4886, by fax at (561) 651-7788; by mail at Qiao Xing Securities Litigation, c/o Complete Claim Solutions, LLC, P.O. Box 24795, West Palm Beach, FL 33416; or through the website www.qiaoxingsecuritiessettlement.com.

**23.   How do I get more information?**

Visit Lead Counsel's website, www.murrayfrank.com, for even more detailed information concerning the matters involved in this Action and to review the pleadings, the Stipulation, the Orders entered by the Court and the other papers filed in the Action.  These papers may also be inspected at the Office of the Clerk of Court for the United States District Court for the Southern District of New York, Room 260, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 during regular business hours.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Qiao Xing common stock or traded in Qiao Xing options between June 30, 2004 and July 16, 2007, both dates inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or for which you purchased such stock or options during such time period, preferably on computer-generated mailing labels or electronically in MS Word or WordPerfect files (label size Avery® #5160) or in an MS Excel data table setting forth (i) title/registration, (ii) street address,  (iii) city/state/zip, or, in the alternative, (b)  request additional copies of this Notice Package, which will be provided to you free of charge, and within seven (7) days mail the Notice Package directly to the beneficial owners of the common stock or options referred to herein.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Net Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid after the request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

Qiao Xing Securities Litigation
c/o Complete Claim Solutions, LLC
P.O. Box 24795
West Palm Beach, FL 33416
Toll-Free: (877) 465-4886
E-mail: Info@qiaoxingsecuritiessettlement.com

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF COURT OR THE COURT REGARDING THIS NOTICE.**

Dated:  April 2, 2008                              BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                   FOR THE SOUTHERN DISTRICT OF NEW YORK

QIAO XING SECURITIES LITIGATION
C/O COMPLETE CLAIM SOLUTIONS, LLC
P.O. BOX 24795
WEST PALM BEACH, FL  33416

# <u>IMPORTANT COURT DOCUMENTS</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QIAO XING<br>SECURITIES LITIGATION | MASTER FILE<br>07-CIV-7097 (DLC) |

## PROOF OF CLAIM AND RELEASE

ALL CLAIMANTS (PERSONS OR ENTITIES WHO PURCHASED SHARES OF THE COMMON STOCK OR TRADED IN THE OPTIONS OF QIAO XING UNIVERSAL TELEPHONE, INC. ("QIAO XING") ON THE NASDAQ GLOBAL SELECT MARKET DURING THE PERIOD JUNE 30, 2004 THROUGH JULY 16, 2007, INCLUSIVE (THE "CLASS PERIOD")) ARE URGED TO READ THE NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION (THE "NOTICE") ACCOMPANYING THIS PROOF OF CLAIM AND RELEASE.

## I. INSTRUCTIONS

A.  To recover as a Settlement Class Member based on your claims in the above litigation (the "Action"), you must have: (1) purchased shares of Qiao Xing common stock between June 30, 2004 and July 16, 2007, both dates inclusive; (2) purchased Qiao Xing call options between June 30, 2004 and July 16, 2007, both dates inclusive: or (3) sold Qiao Xing put options between June 30, 2004 and July 16, 2007, both dates inclusive.  You may not be a person who is excluded from the Class, as is defined in the Notice.  You also may not be a person who requested to be excluded from the Class.  If you are a Class member and not one of the excluded persons, and wish to participate in the proposed settlement ("Settlement") of the Action, you must complete and sign this Proof of Claim and Release ("Proof of Claim").  If you fail to file a properly addressed and fully completed Proof of Claim, or fail to provide required documentation, your claim may be rejected and you may be precluded from any recovery from the proposed Settlement.

B.  YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED NOT LATER THAN **July 21, 2008** TO:

Qiao Xing Securities Litigation
c/o Complete Claim Solutions, LLC
P.O. Box 24795
West Palm Beach, FL 33416

C.  If you are a Settlement Class Member and did not request exclusion, you will be bound by the terms of any judgment entered in the Action in connection with the Settlement WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. CLAIMANT IDENTIFICATION INSTRUCTIONS

A.  If you purchased Qiao Xing common stock or options and registered the certificate in your name, you are the beneficial owner as well as the record purchaser.  If, however, you purchased Qiao Xing common stock or options and the certificate was registered in the name of a third party, such as your stock broker or some other nominee or trustee, you are the beneficial owner even though the third party is the record purchaser listed on Qiao Xing's records.  Proceeds of this Settlement will be distributed to Class members who are beneficial owners of Qiao Xing common stock or options as described in the accompanying Notice, subject to the terms and conditions of the Stipulation of Settlement ("Stipulation") described in that Notice.

B.  Use Section IV of this form, entitled "Claimant Identification Schedule," to identify yourself and each owner of record, such as your stock broker, if different from the beneficial owner, of Qiao Xing common stock or options that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S), OF THE COMMON STOCK OR OPTIONS UPON WHICH THIS CLAIM IS BASED.

C.  All joint owners must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and must identify each beneficial owner or owners for whom they are acting: proof of their authority must accompany this claim and their titles or capacities must be stated.

D.  The Social Security (or Taxpayer Identification) number and telephone number of the beneficial owner must be provided.

E.  Failure to provide the foregoing information could delay verification or result in the rejection of the claim.

### III.  INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS

A.  Use Section V of this form, entitled "Schedule of Transactions," to supply all required details of your transactions (purchases and sales) in Qiao Xing common stock and options that took place during the period from June 30, 2004 through July 16, 2007, inclusive.

B.  If you need more space, attach separate, numbered sheets giving all of the required information in substantially the same form.  Print your name and Social Security or Taxpayer Identification Number at the top of each additional sheet.

C.  On the schedules, provide all of the requested information with respect to all of your purchases and sales of Qiao Xing common stock and options that took place at any time during the Class Period, whether such transactions resulted in a profit or a loss.

D.  The failure to report all such transactions may result in the rejection of your claim.

E.  List each transaction during the Class Period separately and in the order in which they took place, *by trade date*, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list, as well as the purchase and/or sales price, excluding commissions, taxes, and other fees.  If you do not have this information, your broker may be able to help you find it.

F.  Qiao Xing common stock or options acquired or disposed of for any consideration other than, or in addition to, cash must be reported as having been acquired or disposed of.

G.  COPIES OF BROKER'S CONFIRMATIONS, BROKER'S ACCOUNT STATEMENTS, OR OTHER ACCEPTABLE DOCUMENTATION OF YOUR TRANSACTIONS IN QIAO XING STOCK OR OPTIONS MUST BE ATTACHED TO YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS, INCLUDING SHARES OF STOCK OR OPTIONS.  If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies.  A complete list of acceptable supporting documentation can be found on the website: www.qiaoxingsecuritiessettlement.com.

H.  Any claims submitted that contain more than 50 transactions during the Class Period are requested to be filed electronically and to provide all the purchase and sale information required in the Schedule of Transactions.  For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator: (1) at the website address above, and click on Broker Template; (2) by phone at (877) 465-4886; or (3) by fax at (561) 651-7788.

---

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the Certification on page 6.

2.  If this claim is on behalf of joint owners, all joint owners must sign on page 6.

3.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.

4.  Do not send original common stock or options certificates.

5.  Keep a copy of the completed claim form and documentation for your records.

6.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.  **You will bear all risks of delay or non-delivery of your claim.**

7.  If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

Qiao Xing Securities Litigation
c/o Complete Claim Solutions, LLC
P.O. Box 24795
West Palm Beach, FL 33416
Toll-Free: (877) 465-4886



Page 1 of 6

**DEADLINE FOR SUBMISSION: POSTMARKED NOT LATER THAN JULY 21, 2008**

OFFICIAL USE ONLY

IN RE QIAO XING SECURITIES LITIGATION

MASTER FILE 07-CIV-7097 (DLC)

**Please Type or Print**

## IV. CLAIMANT IDENTIFICATION SCHEDULE - Complete either Section A or B

A.   Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.  Proceed to Section C.

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner, if applicable)

Name of IRA Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g. Jones IRA).

B.   Complete this Section ONLY if the Beneficial Owner is an Entity, such as a corporation, trust, estate, etc.  Proceed to Section C.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.   Mailing Infomation:

Number and Street or P.O. Box

City

State

Zip Code

Foreign Province and Postal Code

Foreign Country

Telephone Number (Day, including area and/or country code)

Telephone Number (Evening, including area and/or country code)

E-mail Address

Enter Taxpayer Identification Number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. If you fail to provide this information, your claim may be rejected.

Social Security No. (for individuals)

or

Taxpayer Identification No. (for estates, trusts, corporations, etc.)



QIAO



**Specify one of the following:**

Please check the appropriate box below, indicating the Claimant holder of Qiao Xing Common Stock, or Call or Put Options:

☐  A.  <u>Individual Claimant</u>:  I am a claimant acting in my own interest, and am the sole owner of the shares.

☐  B.  <u>Joint Claimants</u>:  We are claimants acting jointly.

☐  C.  <u>Corporate Claimant</u>:

Title:

_____

Corporation:

_____

I am authorized to make this claim on behalf of the corporation.  The corporation is the owner of the shares.

☐  D.  <u>IRA Claimant</u>:  I am a claimant acting on behalf of my IRA.  The shares are held in my IRA.

☐  E.  <u>Partnership Claimant</u>:  I am a partner of:

_____

I am authorized to make this claim on behalf of the partnership.  The partnership is the owner of the shares.

☐  F.  <u>Decedent's Estate Claimant</u>:  I am the ☐ <u>executor</u> or the ☐ <u>administrator</u> (check one) of the estate of:

_____

Decedent's last address:

_____

(Valid proof of authority must accompany this claim.)

☐  G.  <u>Trust Claimant</u>:  I am a trustee of:

_____

Authorized under the laws of:

_____

I am authorized to make this claim on behalf of the trust.  The trust is the owner of the shares.

☐  H.  <u>Custodial or Guardian Claimant</u>:  I am the ☐ <u>custodian</u> or the ☐ <u>guardian</u> (check one) for:

_____

Address:

_____

(Valid proof of authority must accompany this claim.)

☐  I.  <u>Other</u>:  (Specify)

_____



Page 3 of 6

## V. <u>SCHEDULE OF TRANSACTIONS</u>

A.  State the total number of shares of Qiao Xing <u>common stock</u> owned at the close of trading on June 29, 2004, long or short (*must be documented; see III above, Instruction G*):

Number of Shares

B.  Separately list each and every purchase of Qiao Xing <u>common stock</u> during the period June 30, 2004 **through** July 16, 2007, inclusive, and provide the following information (*must be documented; see III above, Instruction G*):

| Trade Date<br>*(List Chronologically)*<br>*(Month/Day/Year)* | Number of Shares of<br>Common Stock Purchased | Purchase Price<br>Per Share of Common Stock | Total Cost<br>*(excluding commissions, taxes & fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.  Separately list each and every sale of Qiao Xing <u>common stock</u> during the period June 30, 2004 **through** July 16, 2007, inclusive, and provide the following information (*must be documented; see III above, Instruction G*):

| Trade Date<br>*(List Chronologically)*<br>*(Month/Day/Year)* | Number of Shares of<br>Common Stock Sold | Sale Price<br>Per Share of Common Stock | Net Proceeds<br>*(excluding commissions, taxes & fees)* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.  State the total number of shares of Qiao Xing <u>common stock</u> you still owned at the close of trading on July 16, 2007  long or short (*must be documented; see III above, Instruction G*):

Number of Shares


Page 4 of 6

_BEGINNING HOLDINGS_:

For Qiao Xing call or put options, list (a) the number of contracts purchased; (b) the expiration date (month/year); and (c) the exercise/ strike price that you owned at the close of trading on June 29, 2004, long or short (_must be documented: see III above, Instruction G_):

| Type of Contract | Number of Contracts | Expiration Date Month/Year | Exercise/Strike Price |
|---|---|---|---|
| Call | | | |
| Put | | | |

_PURCHASES AND SALES_:

List each individual transaction of Qiao Xing call and put options from June 30, 2004 **through** July 16, 2007, inclusive, as follows: (a) the trade date; (b) the type of transaction by letter code; (c) call or put; (d) the number of contracts; (e) the price per contract; (f) the date of expiration; (g) the exercise/strike price; (h) the transaction amount; and (i) an indication if the option was assigned, exercised, expired or closed out (_must be documented; see III above, Instruction G_).   If you require additional space, attach extra sheets in the same format as below.

| TradeDate | Transaction Type Buy (B) Sell (S) | Call (C) Or Put (P) | Number Of Contracts | Price Per Contract | Expiration Month/Year | Exercise/ Strike Price | Transaction Amount | Assigned (A) Exercised (E) Expired (X) Closed Out (O) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

_ENDING HOLDINGS_:

For Qiao Xing call or put options, list (a) the number of contracts purchased; (b) the expiration date (month/year); and (c) the exercise/strike price that you still owned at the close of trading on July 16, 2007, long or short (_must be documented; see III above, Instruction G_):

| Type of Contract | Number of Contracts | Expiration Date Month/Year | Exercise/Strike Price |
|---|---|---|---|
| Call | | | |
| Put | | | |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**YOU MUST ALSO READ THE RELEASE ON PAGE 5 AND SIGN THE PROOF OF CLAIM ON PAGE 6.**

**IMPORTANT: FAILURE TO ATTACH SUPPORTING DOCUMENTATION MAY PREVENT YOU FROM RECEIVING ANY DISTRIBUTION UNDER THE SETTLEMENT.**



## VI.  <u>SUBMISSION TO JURISDICTION OF COURT</u>

I/We submit this Proof of Claim under the terms of the Stipulation.  I/We also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my/our claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I/We agree to furnish additional information to Lead Counsel to support this claim if requested to do so.  I/We authorize Qiao Xing or any brokerage house with whom I/we transacted business to release to Lead Counsel, or their designee, upon their request and without notice to me/us, any and all information relating to any purchase or sale of Qiao Xing common stock or options by me/us during the Class Period.

## VII.  <u>RELEASE</u>

A.  I/We hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge any and all Released Claims (as defined below)  against any and all of the Defendants (as defined below) and the Released Parties (as defined below).   I/We agree not to pursue such claims, either in the United States or in any foreign jurisdiction.

B.  "Released Claims" means any and all known and unknown claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, arising out of, based upon or related in any way to any of the following: (i) the allegations made in the Action (including the Related Actions) against any of the Released Parties; (ii) the allegations that could have been made in any forum by the Settlement Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any of the complaints in the Action or that involve in any way events that actually or purportedly occurred during the Class Period; (iii) the purchase, sale or other disposition of Qiao Xing securities by any of the Released Parties, the Lead Plaintiff or any of the Settlement Class Members during the Class Period; or (iv) the settlement or resolution of the Action (including without limitation, any claim for attorneys' fees by the Lead Plaintiff or Settlement Class Members).  Released Claims expressly includes Unknown Claims.

C.  "Unknown Claims" means any and all Released Claims which Lead Plaintiff and/or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that involve in any way events that actually or purportedly occurred during the Class Period, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by law of any state or territory of the United States, federal law, foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.  Lead Plaintiff and/or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff intends, and Settlement Class Members are deemed to have intended for the release of the Released Claims to be effective without regard to the subsequent discovery or existence of such different or additional facts and for it to extend to Unknown Claims.  The release of the Released Claims is intended to be a full and binding release of all Released Claims, including Unknown Claims, and shall be construed broadly to effect that purpose.

D.  "Defendants" means Qiao Xing, Rui Lin Wu, Albert Leung, Zhi Yang Wu, Sonny Kwok Wing Hung, Ze Yun Mu, Yi Hong Zhang, and Grobstein, Horwath & Company LLP.


Page 6 of 6

E.  "Released Parties" means any and all present and former employees, officers and directors of Qiao Xing, including, without limitation, Defendants, and all of the persons named as defendants in the Action (including the Related Actions) at any time, and Qiao Xing, Grobstein, Horwath & Company LLP, and all of their respective past or present subsidiaries, parents, successors and predecessors, agents, attorneys, advisors (including American Appraisal Inc.), insurers, investment advisors, auditors, accountants, assigns, spouses, any member of their immediate family, or any trust which is for the benefit of any of them and/or member(s) of their immediate family and the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

F.  I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

G.  This Release shall be of no force or effect unless the United States District Court approves the Stipulation and unless the Stipulation becomes effective as to the Defendants on the Effective Date (as defined in the Stipulation).

### VIII.  CERTIFICATION

I/We certify that I/we believe in good faith that I am/we are a Settlement Class Member, as defined in the Notice, or am/are acting for such person; that I/we have read and understood the contents of the Notice; that I/we have not submitted a Request for Exclusion seeking to be excluded from the Class; that I/we believe that I am/we are entitled to receive a portion of the Net Settlement Fund; and that the foregoing information is true, accurate, and complete to the best of my/our knowledge, information, and belief.

Federal law provides that the filing of a false claim is punishable by a fine of not more than $10,000 or imprisonment for not more than five years, or both.

I/We certify that I am/we are NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the certification above.

I/We declare under penalty of perjury under the laws of the United States that the foregoing information supplied by the undersigned and the supporting documentation attached hereto are true and correct, that I/we wish to enter into the Release, and that this Proof of Claim form was executed this _____ day of _____ (month), _____ (year) in_____(City, State, Country).

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

Signature of Claimant

Type or print your name here

Signature of Joint Claimant (if any)

Type or print Joint Claimant name here

Signature of person signing on behalf of Claimant

Type or print name of person signing on behalf of Claimant

Capacity of person(s) signing on behalf of Claimant (e.g. Executor, Custodian, etc.)

# EXHIBIT 2

Summary Notice of Pendency of and Proposed Settlement of Class Action
Involving Qiao Xing Universal Telephone, Inc.

(New York, NY), April 25, 2008 – Murray, Frank & Sailer LLP Announces the Pendency and
Proposed Settlement of a Class Action Involving Qiao Xing Universal Telephone, Inc.

TO: All persons and entities who 1) purchased shares of *Qiao Xing Universal Telephone, Inc*. ("Qiao
Xing," a company traded on the NASDAQ Global Select Market as "XING") common stock between
June 30, 2004 and July 16, 2007, both dates inclusive; 2) purchased Qiao Xing call options between
June 30, 2004 and July 16, 2007, both dates inclusive; or 3) sold Qiao Xing put options between June
30, 2004 and July 16, 2007, both dates inclusive.  Excluded from the Class are Defendants, Qiao Xing
(including its present and past subsidiaries, parents, successors, and predecessors), Qiao Xing's present
and past officers and directors, agents, employees, consultants, attorneys, advisors, investment
advisors, investment bankers, investment relations consultants, including members of their immediate
families, and their legal representatives, heirs, successors or assigns, affiliates, and any entity in which
any one of them has or had a controlling interest, or which is related or affiliated with any of the
foregoing.

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court, a
hearing will be held regarding the proposed settlement (the "Settlement") in *In re Qiao Xing Securities
Litigation*, Civil Action No. 07 cv 7097 (DLC) (the "Action"), on July 11, 2008 at 3:00 p.m, before
Judge Denise Cote, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street,
Courtroom 11B, New York, New York.

At the hearing, the Court will consider: (a) whether this Action satisfies the applicable prerequisites for
class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of
the proposed settlement, which among other things, provides for creation of a Settlement Fund in the
amount of two million four hundred thousand dollars ($2,400,000), are fair, reasonable, and adequate,
and should be approved by the Court; (c) whether the proposed plan to distribute the Settlement Fund
to the Settlement Class Members is fair and reasonable and should be approved by the Court; (d)
whether the Final Approval Order and Judgment as provided under the Stipulation of Settlement
should be entered, dismissing the Action on the merits and with prejudice, and to determine whether
the release of the Released Claims by the Settlement Class Members of the Released Parties, as set
forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award of
attorneys' fees not to exceed 20% of the Settlement Fund, and reimbursement of expenses not to
exceed $100,000, should be approved; and (f) such other matters as the Court may deem appropriate.
The Court may adjourn or continue the hearing on the Settlement without further notice to the
Settlement Class Members.

If you are a Settlement Class member and have not received a detailed Notice of Pendency of Proposed
Class Action and Its Settlement (the "Notice"), and Proof of Claim and Release form ("Proof of
Claim"), you may obtain a copy of each by writing to:

Qiao Xing Securities Litigation
c/o Complete Claim Solutions, LLC
P.O. Box 24795
West Palm Beach, FL 33416

You also can contact the Claims Administrator by toll-free phone at (877) 465-4886, by fax at (561) 651-7788; or through the website www.qiaoxingsecuritiessettlement.com.

To participate in the Settlement, you must submit a Proof of Claim no later than July 21, 2008. The Notice provides instructions on how to exclude yourself or object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and reimbursement of expenses. Any exclusions must be mailed postmarked no later than June 16, 2008, to Qiao Xing Securities Litigation Exclusions, c/o Complete Claim Solutions, LLC, P.O. Box 24795, West Palm Beach, FL 33416. Any objections to the Settlement must be mailed, postmarked no later than June 20, 2008, to the following:

| COURT | LEAD COUNSEL |
|---|---|
| Clerk of the Court<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Brian Murray, Esq.<br>**Murray, Frank & Sailer LLP**<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Tel. (212) 682-1818 |

If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by the Final Order and Judgment of the Court, whether or not you submit a Proof of Claim.

Please do **not** contact the Court for information.

Dated:  April 25, 2008

By Order of the Court

CONTACT:    Murray, Frank & Sailer LLP
                     Brian Murray, Esq.
                     275 Madison Avenue, Suite 801
                     New York, New York 10016
                     Telephone: (212) 682-1818

##########

# EXHIBIT 3

| Date Rec'd | Broker Name | Notices Requested | Type |
|---|---|---|---|
| | **60** | **43,198** | |
| 4/15/08 | Stifel Nicolaus | 84 | POC2 |
| 4/16/08 | Octagon Capital Corp | 1 | POC2 |
| 4/17/2008 | Goldman Sachs | 150 | Bulk |
| 4/17/2008 | ING Direct/Sharbuilder | 360 | POC2 |
| 4/17/2008 | H&R Block Financial | 119 | POC2 |
| 4/17/2008 | Stifel Nicolaus/ Ryan Beck Accounts | 62 | POC2 |
| 4/18/2008 | Southeastern Asset Management | 0 | No Holders |
| 4/18/2008 | Raymond James | 213 | POC2 |
| 4/18/2008 | Union Bank of California | 4 | POC2 |
| 4/18/2008 | Bear Stearns | 940 | POC2 |
| 4/21/2008 | Crowell, Weedon, & Co | 5 | Labels |
| 4/22/2008 | Citigroup Global Markets Broker #418 | 2899 | POC2 |
| 4/22/2008 | D.A. Davenport & Co. | 7 | POC2 |
| 4/22/2008 | Ingalls & Snyder | 1 | Labels |
| 4/23/2008 | Key Bank | 11 | POC2 |
| 4/23/2008 | Janney Montgomery Scott | 114 | POC2 |
| 4/24/2008 | Charles Schwab | 8009 | POC2 |
| 4/24/2008 | Kaplan Fox | 111 | POC2 |
| 4/24/2008 | First Clearing | 1585 | POC2 |
| 4/24/2008 | US Bank | 6 | POC2 |
| 4/24/2008 | Morgan Stanley | 741 | POC2 |
| 4/24/2008 | Goldman Sachs Execution & Clearing | 1250 | Labels |
| 4/25/2008 | Butler Wick | 1 | Labels |
| 4/25/2008 | Perelman-Carley & Associates | 6 | POC2 |
| 4/25/2008 | Oppenheimer | 372 | Labels |
| 4/25/2008 | PrimeVest | 24 | Labels |
| 4/25/2008 | Pershing | 2776 | Labels |
| 4/25/2008 | Fidelity | 8466 | POC2 |
| 4/28/2008 | Oppenheimer Compliance Troy, MI | 0 | No Holders |
| 4/28/2008 | Piper Jaffray | 107 | POC2 |
| 4/28/2008 | People's Securities | 13 | Labels |
| 4/28/2008 | Wachovia | 879 | POC2 |
| 4/28/2008 | RW Baird | 44 | POC2 |
| 4/28/2008 | Bank of New York | 93 | Self-Mailed |
| 4/30/2008 | Wells Fargo | 601 | POC2 |
| 4/30/2008 | Clearview Correspondent Services | 0 | No Holders |
| 5/2/2008 | BMO Nesbitt Burns | 210 | Bulk |
| 5/2/2008 | ML STERN & CO. | 13 | Bulk |
| 5/5/2008 | CIBC World Markets | 9 | POC2 |
| 5/5/2008 | State Street | 2 | Self-Mailed |
| 5/6/2008 | Ridge Clearing | 535 | POC2 |
| 5/8/2008 | E*Trade | 7369 | POC2 |
| 5/9/2008 | Merril Lynch | 2668 | Bulk |

| 5/12/2008 | UBS Financial | 546 | Labels |
|-----------|---------------|-----|--------|
| 5/14/2008 | Neuberger Berman | 20 | Bulk |
| 5/16/2008 | RBC Wealth Management | 398 | POC2 |
| 5/16/2008 | Wedbush Morgan | 69 | Labels |
| 5/19/2008 | Southwest Securities | 289 | POC2 |
| 5/22/2008 | Ferris, Baker Watts | 42 | POC2 |
| 5/23/2008 | RBC Capital Markets | 1 | POC2 |
| 5/27/2008 | Schiffrin Barroway | 369 | POC2 |
| 5/30/2008 | Citigroup Global Markets Broker #274 | 0 | No Holders |
| 6/2/2008 | Stockcross | 7 | Labels |
| 6/3/2008 | Wayne Hummer | 1 | Labels |
| 6/5/2008 | ABN AMRO | 18 | POC2 |
| 6/5/2008 | Hilliard Lyons | 24 | POC2 |
| 6/6/2008 | Mesirow Financial | 25 | POC2 |
| 6/9/2008 | Broadridge Reorg Plus | 350 | Bulk |
| 6/13/2008 | Stephens Inc. | 4 | POC2 |
| 6/24/2008 | Lehman Brothers | 175 | POC2 |

## DECLARATION OF SERVICE

I am an attorney admitted to practice in this district. I hereby certify, under penalty of perjury, that on this 30th day of June, 2008, I caused a true and correct copy of the foregoing document to be served on the persons listed below, 1) through this court's ECF system, 2) by e-mail, and 3) by causing a true copy thereof to be delivered by regular United States mail, postage prepaid:

**MORRISON & FOERSTER, LLP**

Jack C. Auspitz (jauspitz@mofo.com)
Joel C. Haims (jhaims@mofo.com)
Lily M. Fan (lmfan@mofo.com)
1290 Avenue of the Americas
New York, New York  10104-0050
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

**Counsel for Qiao Xing and the Individual Defendants**

**LESTER SCHWAB KATZ
 & DWYER, LLP**

Lawrence Steckman
(lsteckman@lskdnylaw.com)
120 Broadway
New York, New York  10271
Telephone:  (212) 964-6611
Facsimile:  (212) 267-5916

**Counsel for Grobstein, Horwath & Company LLP**

   /s/Gregory B. Linkh
        Gregory B. Linkh (GL-0477)